1  Daniel Berko - SBN 94912
   **LAW OFFICE OF DANIEL BERKO**
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

5

   **Attorneys for Plaintiffs,**
6  **DANIEL KEATING-TRAYNOR on behalf of himself**
   **and all others similarly situated**
7

8
                    **UNITED STATES DISTRICT COURT**
9
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11                                    )  **CASE NO:**
    **DANIEL KEATING-TRAYNOR on**     )
12  **behalf of himself and all others similarly** )  **COMPLAINT FOR DAMAGES FOR**
    **situated,**                     )  **VIOLATION OF FAIR LABOR**
13              **Plaintiff,**        )  **STANDARDS ACT**
    **vs.**                           )
14                                    )
    **AC SQUARE, COMCAST INC.;**      )  **CLASS ACTION 29 USC 216(b)**
15  **AFSHIN GHANEH; ANDREW**         )
    **BAHMANYAR; and    DOES 1**      )  **PLAINTIFF DEMANDS A JURY TRIAL**
16  **THROUGH 60, inclusive,**        )  **ON ALL ISSUES**
                                      )
17             **Defendants.**        )
                                      )
18

19
        Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as
20
    follows:
21

22      1.  This court has jurisdiction over this case because it is an action brought pursuant to

23  the *Fair Labor Standards Act*, 29 USC §§ 201– 219. Plaintiff and the class members each have

24  a right to bring an action under the FLSA pursuant to 29USC216(b).

25
        2.  Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE,
26
    INC., COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through
27
28  60 employ technicians who install, disconnect, and upgrade cable television, computer and other
                                        - 1 -

electronic services to consumers who use the services and equipment of Comcast, a provider of cable television and computer services to consumers throughout California. Does 1 through 60 knowingly direct, instigate, aid, abet, support, encourage, have agree to, and advise all the other defendants in their violations of the FLSA and other labor laws.

3. Comcast Communications is a Delaware corporation licensed to do business and doing business in California as Comcast. Comcast is a joint employer of Plaintiff and all class members as alleged herein because the class members are performing essential functions of Comcast's business, Comcast has significant power over their working conditions, the class members are understood by the public to be representing Comcast, many of the class members obtained their daily work assignments at Comcast warehouses,  all of the equipment installed is Comcast equipment and Plaintiff is informed and believes in the contract between AC Square and Comcast by which AC Square agrees to have its technicians represent Comcast and install Comcast services in customer's home dictates that AC Square is to receive insufficient funds for its technicians to be paid in conformity with California and federal law. Moreover, COMCAST knows, or should know, that AC SQUARE acts in violation of California Labor laws in its agreements with all class members yet continues to pay AC Square the monies necessary to allow AC to continue profiting by violating the law and cheating class members of their lawful rights. AC Square acts in close concert with Comcast in supervising class members.  Moreover, Comcast aids and abets AC in its violations of the FLSA by knowing of AC's business model and it knows, or should know, that in performing services for Comcast for which Comcast pays AC Square, AC Square does not pay overtime to class members.

4. Afshin Ghaneh and Andrew Bahmanyar are managerial employees and/or officers and/or directors of AC Square. Afshin Ghaneh owns 100% of the stock of AC Square and has final say on any of its policies and practices. Afshin Ghaneh and Andrew  Bahmanyar are responsible for

- 2 -

setting corporate policy, have operation control of AC's payroll and business practices, including

but not limited to failing to pay overtime compensation even though it is clearly and

unquestionably due to class members.

5. Plaintiff does not know the true names of Defendants DOES 1 through 60 inclusive,

and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on

the basis of that information and belief alleges, that each of those defendants was in some

manner legally responsible for the events, happenings, injuries and damages alleged in this

complaint.

6. In this complaint, when reference is made to any act of AC SQUARE, INC.,

(hereafter "AC")  such allegations shall mean that the owners, officers, directors, agents,

employees or representatives, of AC authorized, ratified, approved such acts, or negligently

failed and omitted to supervise its employees and agents while engaged in the management,

direction, operation or control of the affairs of the business organization and did so while

acting within the course and scope of its employment or agency.

7.  In this complaint, when reference is made to any act of COMCAST INC.

(hereafter "COMCAST")  such allegations shall mean that the owners, officers, directors,

agents, employees or representatives, of COMCAST authorized, ratified, approved such acts,

or negligently failed and omitted to supervise its employees and agents while engaged in the

management, direction, operation or control of the affairs of the business organization and did

so while acting within the course and scope of its employment or agency

8.  Plaintiff brings this action on his own behalf, and on behalf of all persons similarly

situated. The class plaintiff represents consists of all persons who were directly employed by AC

as cable television and computer technicians and who install, upgrade, disconnect and provide

similar services to consumers who use the services and equipment of Comcast. Plaintiff

KEATING worked as a technician and his job included the responsibilities to install, upgrade,

disconnect and provide similar services to consumers who use the services and equipment of

Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician

for the purpose of installing, upgrading, disconnecting and providing similar services to

consumers who use the services and equipment of Comcast

9.   There are well-defined common of questions of law and fact affecting the class

Plaintiffs represent. The class members' claims against Defendants involve questions of common

and general interest in that each and every class member worked as an installer of cable

television, computer and electronic services to consumers who use the services and equipment of

Comcast, were not paid for overtime, were paid on a piecemeal basis,  were not reimbursed for

gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or

occurred while working for  AC. In addition, AC failed to pay each class member wages during

all hours that they worked. Accordingly, the facts supporting the claim for each class member is

identical or substantially similar for Plaintiff and each member of the class and the alleged breach

and claim of liability is identical or substantially identical for each member of the class.  These

questions are such that proof of a state of facts common to the class representatives and to

members of the class will entitle each member of the class to the relief requested in this

complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff

is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CLAIM FOR RELIEF
### (VIOLATION OF FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

- 4 -

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 10 above.

12. AC, COMCAST,  AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through 60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

13. AC'S, COMCAST'S, AFSHIN GHANEH'S and ANDREW BAHMANYAR'S failure to pay overtime due to class members was a willful violation of the FLSA because it would be impossible for defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

14. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

## <u>SECOND CLAIM FOR RELIEF</u>
## (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
## (AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 14 above.

16. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

- 5 -

1. General damages according to proof in an amount that is yet to be ascertained;

2. Special damages according to proof in an amount that is yet to be ascertained;

3.  Interest on all sums awarded including prejudgment interest;

4.  Costs of suit;

5.  A reasonable attorney's fee;

6.  Such other, and/or further relief as is just and proper.

Dated: June 9, 2008

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and each member of the class demands a jury trial on all issues.

Dated: June 9, 2008

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

- 6 -

**COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**