RONALD A. PETERS, Bar No. 169895
BENJAMIN EMMERT, Bar No. 212157
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
Telephone:   408.998.4150
Facsimile:    408.288.5686
E-Mail: rpeters@littler.com
            bemmert@littler.com

Attorneys for Defendants
AC SQUARE, INC. AFSHIN GHANEH,
ANDREW BAHMANYAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE;<br><br>Defendants. | Case No. CV-08-2907-MHP<br><br>**DEFENDANT ANDREW BAHMANYAR'S EX PARTE APPLICATION FOR ORDER ALLOWING DEFENDANT TO FILE AND HAVE HEARD A MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6) PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION; [PROPOSED] ORDER**<br><br>Local Rule, 7-10; MHP Standing Order, No. 4<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 15<br>Judge: Honorable Marilyn H. Patel |

## EX PARTE APPLICATION

**TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

Please take notice that defendant Andrew Bahmanyar (hereinafter referred to as "Defendant") hereby applies to this Court on an ex parte basis for an Order allowing Defendant to

1.

file a motion to dismiss plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first and second causes of action alleged against Defendant in his Complaint, Case No. CV-08-2907-MHP. This ex parte application is made pursuant to the United States District Court for the Northern District of California Local Rule 7-10 and Chief Judge Marilyn H. Patel's Standing Order number 4. This application is based on the fact that Plaintiff has filed a Complaint containing two causes against Defendant: one cause of action for alleged violations of the Fair Labor Standards Act 29 U.S.C. § 201 et seq (hereinafter referred to as the "FLSA"); and, one cause of action for alleged conspiracy to violate the FLSA. Defendant believes that this Complaint fails to state facts sufficient to constitute a cause of action against AC Square, Inc. because: (1) the alleged improper acts took place more than three years prior to Plaintiff filing this Complaint and are therefore barred by the statute of limitations; (2) Plaintiff has failed to allege facts showing he is entitled to any relief under the FLSA; and (3) Plaintiff has failed to allege facts showing a justiciable conspiracy. This Application is further based on the fact that counsel for Defendant has informed Plaintiff's counsel of its intention to respond to the Complaint by way of a motion to dismiss and requested Plaintiff's counsel stipulate to an extension of time to respond until after the initial case management conference. Plaintiff's counsel has failed and/or refused to agree to such stipulation. Therefore, in order to protect Defendant's rights to challenge the Complaint as provided for by Federal Rule of Civil Procedure, Rule 12(b)(6), Defendant respectfully requests this Court allow Defendant to file and have heard its motion to dismiss prior to the initial case management conference pursuant to Standing Order Number 4.

This application is based on the attached Memorandum of Points and Authorities, the attached Declaration of Benjamin A. Emmert, the complete files and records in this action and any oral argument that may be heard by the Court with regard to this Application.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

2.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-2907-MHP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff's Complaint filed in this Court, case number CV-08-2907-MHP is the fourth complaint Plaintiff has filed for the same alleged wrong and which arises out of the same set of operative facts and the second of two complaints naming Mr. Bahmanyar as a defendant. As explained more completely in Defendant Andrew Bahmanyar's Notice of Motion and Motion to Dismiss Plaintiff's First and Second Causes of Action From Complaint, Case Number CV-08-2907-MHP, Plaintiff was employed by AC Square, Inc. from about "around January 30, 2005" to "about May 2, 2005" when he was terminated.

Plaintiff filed his first complaint against AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118. (hereinafter referred to as the "Original Complaint"). The Original Complaint alleged AC Square, Inc. failed to pay Plaintiff all compensation, including overtime, that he believed was due and owing. Plaintiff dismissed the causes of action seeking unpaid wages from the Complaint without prejudice on June 25, 2007.

On June 29, 2007 Plaintiff filed a second Complaint in the San Mateo County Superior Court against AC Square, Inc., action number 464144. (hereinafter referred to as the "Second Complaint"). This Complaint again sought recovery of alleged unpaid wages including overtime.

For unexplained reasons and even though litigation on the Second Complaint was still proceeding, Plaintiff filed a new complaint in the San Mateo County Superior Court against AC Square, Inc. on June 10, 2008. (hereinafter referred to as the "Third Complaint"). The Third Complaint seeks essentially the same relief as the first two Complaints, but adds a cause of action for alleged violation of the FLSA and names additional parties, including Mr. Bahmanyar. The San Mateo County Superior Court consolidated the Second and Third Complaints on June 19, 2008. AC Square, Inc. removed consolidated action to this Court on June 20, 2008. The consolidated action number is CV-08-3035-EDL.

For equally unexplained reasons, the day after filing the Third Complaint, Plaintiff filed the instant Complaint (hereinafter referred to as the "Fourth Complaint"). The Fourth

3.

Complaint names the same defendants and contains the same allegations concerning the FLSA as the Third Complaint.

## II. ARGUMENT

Plaintiff's Fourth Complaint contains only two causes of action against Defendant for alleged violation of the FLSA and conspiracy to violate the FLSA. Among other deficiencies in the Fourth Complaint, these causes of action appear to be barred by the statute of limitations. The statute of limitations for a FLSA violation is two or three years depending on whether an employer's violation is willful. *See* 29 U.S.C. § 255(a). Regardless of whether Plaintiff is claiming Defendant willfully violated the FLSA, Plaintiff's causes of action in the Fourth Complaint are barred by the statute of limitations. Specifically, Plaintiff has expressly admitted that he last worked for AC Square, Inc. on May 2, 2005. Thus, the statute of limitations has expired on a FLSA claim by at least May 2, 2008. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)).

Federal Rule of Civil Procedure, Rule 12(a)(1)(A)(i) requires a defendant file an answer to a complaint within 20 day after being served. Federal Rule of Civil Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer. However, in light of Standing Order Number 4, Defendant is unable to file the accompanying motion to dismiss until after the initial case management conference. Thus, Defendant is faced with the real possibility of incurring significant legal fees and costs by having to file an answer and respond to Plaintiff's discovery in an action that appears to be barred by the statute of limitations.

Defendant attempted to resolve this dilemma by requesting Plaintiff's counsel stipulate to extending Defendant's time to respond to the Complaint until after the initial case management conference. See Exhibit A. Plaintiff's counsel has failed and/or refused to enter into such stipulation. Therefore, in order to protect its rights and attempt to resolve this lawsuit at the earliest possible stage, Defendant respectfully requests this Court grant this Application and allow Defendant to file the accompanying motion to dismiss prior to the initial case management conference. A copy of the motion Defendant proposes to file in the event this application is granted is attached hereto as Exhibit B.

4.

Dated: July 11, 2008

                                            RONALD A. PETERS
                                            BENJAMIN EMMERT
                                            LITTLER MENDELSON
                                            A Professional Corporation
                                            Attorneys for Defendants
                                            AC SQUARE INC., AFSHIN GHANEH,
                                            AND ANDREW BAHMANYAR

### III. DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION

I, Benjamin A. Emmert, declare:

1. That I am an associate in the law firm of Littler Mendelson, a professional corporation, which represents Defendant Andrew Bahmanyar with respect to the Plaintiff Daniel Keating-Traynor's Complaint in this matter. I am duly licensed to practice law in the State of California and I am one of the attorneys responsible for representing Defendant in this action. I have personal knowledge of the following facts and if called and sworn in as a witness could and would competently testify thereto;

2. Attached hereto as Exhibit A is a true and correct copy of the email I sent to Plaintiff's counsel advising him that Mr. Bahmanyar would respond to this Complaint by motion to dismiss for failure to state a cause of action and requesting that he stipulate to extending the deadline for Mr. Bahmanyar to respond to the Complaint until after the initial case management conference;

3. Plaintiff's counsel has not agreed to continue the deadline for Mr. Bahmanyar to respond to the Complaint;

4. Attached hereto as Exhibit B is a true and correct copy of Defendant Andrew Bahmanyar's Notice of Motion and Motion to Dismiss Plaintiff's First and Second Causes of Action From Complaint, Case Number CV-08-2907-MHP and Request for Judicial Notice in support of the motion Mr. Bahmanyar proposes to file if this application is granted.

5.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-2907-MHP

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

I hereby declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this Declaration was executed on July 10, 2008, at San Jose, California.

                                                BENJAMIN A. EMMERT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

6.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-2907-MHP

**ORDER**

Having considered Defendant's ex parte application for an order permitting Defendant to file Defendant Andrew Bahmanyar' Notice of Motion and Motion to Dismiss Plaintiff's First and Second Causes of Action From Complaint, Case Number CV-08-2907-MHP, and finding good cause therefore, IT IS HEREBY ORDERED that Defendant's request to file the attached motion to dismiss Plaintiff's Complaint is granted.  Defendant shall file and serve the motion by no later than July 21, 2008. The hearing on this motion is set for  August 25 , 2008 at 2:00 p.m.  Any opposition to the motion shall be filed and served by  August 4 , 2008.  Any reply to the opposition shall be filed and served by August 11 , 2008.

DATED:  July 14 , 2008

Honorable Judge Marilyn H. Patel

*IT IS SO ORDERED*

Firmwide:85841728.1 047098.1008

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408 998 4150