UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated;<br><br>            Plaintiffs,<br><br>     vs.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE;<br><br>        Defendants. | Case No. CV-08-2907-MHP<br><br>**STIPULATION AND [PROPOSED] ORDER TO ALLOW COMCAST INC. TO FILE ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PRIOR TO THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Honorable Marilyn H. Patel |

Plaintiff Daniel Keating-Traynor, by and through his attorney, Daniel Berko, and

Defendant Comcast Inc. ("Comcast") by and through its attorneys Morgan, Lewis and Bockius

LLP, hereby stipulate as follows:

///

///

///

1

**<u>RECITALS</u>**

2      A.      On June 11, 2008, the Court set the Initial Case Management Conference in this

3  action for September 14, 2008.  <u>See</u> Docket No. 2 (Case No. CV-08-2907-MHP).

4      B.      On July 10, 2008, Plaintiff served Comcast with the Summons and Complaint in

5  this action.

6      C      On July 11, 2008, Defendants AC Square, Ghaneh, and Bahmanyar filed Ex Parte

7  Applications for Orders Allowing Defendants to File and Have Heard Motions to Dismiss

8  Pursuant to FRCP 12(b)(6) Prior to Initial Case Management Conference in Case No. CV-08-

9  2907- MPH.  <u>See</u> Docket Nos. 7, 8, and 9 (Case No. CV-08-2907-MHP).

10      D.      On July 15, 2008, the Court granted Defendants AC Square, Ghaneh, and

11  Bahmanyar's Ex Parte Applications for leave to file their motions to dismiss by July 21, 2008.

12  The Court set the following related dates: Oppositions to be filed by August 4, 2008, Replies to

13  be filed by August 11, 2008, and Motion to be heard on August 25, 2008 at 2:00 p.m.  <u>See</u> Docket

14  No. 10 (Case No. CV-08-2907-MHP).

15      E.      On or about July 15, 2008, the parties agreed to an extension of time for Comcast

16  to file a response to Plaintiff's Complaint, up to and including July 30, 2008.

17      F.      On July 16, 2008, the Court ordered Case No. CV-08-2907 and  Case No. CV-08-

18  3035 related.  <u>See</u> Docket No. 11 (Case No. CV-08-2907-MHP) and No. 16 (Case No. CV-08-

19  3035-EDL).

20      G.      On July 17, 2008, Case No. CV-08-3035-EDL was reassigned to the Honorable

21  Judge Marilyn H. Patel.

22      H.      Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to file an

23  answer to a complaint within 20 days after being served, and that Federal Rule of Civil

24  Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer.  The

25  parties further agree that absent a Court Order allowing for an exception, Standing Order Number

26  4 prevents Defendant from filing the accompanying motion to dismiss until after the Initial Case

27  Management Conference on September 15, 2008.

28

## **TERMS OF STIPULATION**

1.      The parties jointly request that the Court allow Comcast to have its motion to dismiss heard before the Initial Case Management Conference set for September 15, 2008 (Case No. CV-08-2907-MHP).

2.      Defendant's motion seeks dismissal of Plaintiff's Complaint, in its entirety, without leave to amend.  Should the Court decide to dispose of Plaintiff's claims against Comcast prior to the Initial Case Management Conference, Comcast could avoid incurring legal fees and costs by not having to file an answer or make initial disclosures.

3.      The parties recognize that this Court granted on July 15, 2008 an *ex parte* motion the other defendants brought for this same purpose in this action, and believe it should not be necessary to burden the Court with another such motion.

4.      Based on the foregoing and in the interest of judicial economy, the parties agree that Defendant should be allowed to file its motion at the earliest possible stage of this litigation.

IT IS SO STIPULATED.

Dated: July 30, 2008                          LAW OFFICES OF DANIEL BERKO


By_____/s/ Daniel Berko_____
         Daniel Berko
         Attorneys for Plaintiff
         Daniel Keating-Traynor


Dated: July 30, 2008                          MORGAN, LEWIS & BOCKIUS LLP


By _____/s/ Daryl S. Landy_____
         Daryl S. Landy
         Attorneys for Defendant
         COMCAST INC.

1    **IT IS SO ORDERED** that:

2        The parties' request to allow Defendant to file the attached Motion to Dismiss Plaintiff's

3    Complaint is granted.  Defendant shall file and serve the motion by  no later than

4    _____, 2008.  The hearing on this motion is set for September 8, 2008, at 2:00

5    p.m.  Any opposition to the motion shall be filed and served by _____, 2008.

6    Any reply to the opposition shall be filed and served by _____, 2008.

7

8

9    Dated: _____        By: _____
                                              United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1    MORGAN, LEWIS & BOCKIUS LLP
     DARYL S. LANDY, SBN. 136288
2    2 Palo Alto Square
     3000 El Camino Real, Suite 700
3    Palo Alto, CA  94306-2122
     Tel:  650.843.4000
4    Fax:  650.843.4001
     E-mail:  dlandy@MorganLewis.com
5
     MORGAN, LEWIS & BOCKIUS LLP
6    ANN MARIE REDING, SBN 226864
     One Market Street, Spear Street Tower
7    San Francisco, California  94105-1126
     Tel:  415.442.1000
8    Fax:  415.442.1001
     E-mail: areding@MorganLewis.com
9
     Attorneys for Defendant
10   COMCAST INC.

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14

15

16   DANIEL KEATING-TRAYNOR on            Case No. CV-08-2907-MHP
     behalf of himself and all others similarly
17   situated;                           **DEFENDANT COMCAST INC.'S NOTICE
                                          OF MOTION AND MOTION TO DISMISS
18                    Plaintiffs,         PLAINTIFF'S COMPLAINT**

19             vs.                        **FRCP Rule 12(B)(6)**

20   AC SQUARE INC.; COMCAST INC.;        Date:        September 8, 2008
     AFSHIN GHANEH; ANDREW                Time:        2:00 p.m.
21   BAHMANYAR; AND DOES 1-60             Courtroom: 15
     INCLUSIVE;                           Judge:       Honorable Marilyn H. Patel
22
                      Defendants.
23

24

25        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26             PLEASE TAKE NOTICE that on September 8, 2008, at 2:00 p.m., or as soon thereafter as

27   the matter may be heard in Courtroom 15 of the above-entitled Court, located at 450 Golden Gate

28   Avenue, San Francisco, California 94102, Defendant Comcast Inc. (hereinafter "Comcast" or

---

1   "Defendant") will and hereby moves this Court to dismiss Plaintiff Daniel Keating-Traynor's

2   ("Plaintiff") Complaint against Comcast, pursuant to Federal Rule of Civil Procedure 12(b)(6).

3        Plaintiff's First Claim for Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

4   *seq.* (hereinafter "FLSA") and Second Claim for Conspiracy to Violate the FLSA both fail to

5   state a claim upon which relief can be granted because his claims are time-barred by the

6   maximum three-year statute of limitations.  Leave to amend would be futile because the

7   allegations in Plaintiff's Complaint conclusively demonstrate that Plaintiff would not be able to

8   state viable claims under these theories.

9        This motion is based on this Notice of Motion and Motion, the Memorandum of Points

10  and Authorities, the Request for Judicial Notice, and the pleadings and papers previously filed.

11

12                              MORGAN, LEWIS & BOCKIUS LLP
                                DARYL S. LANDY
13                              ANN MARIE REDING

14

15  Dated: _____     By _____
16                                        Daryl S. Landy
                                          Attorneys for Defendant
17                                        COMCAST INC.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  MORGAN, LEWIS & BOCKIUS LLP
   DARYL S. LANDY, SBN. 136288
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001
   E-mail:  dlandy@MorganLewis.com
5
   MORGAN, LEWIS & BOCKIUS LLP
6  ANN MARIE REDING, SBN 226864
   One Market Street, Spear Street Tower
7  San Francisco, California  94105-1126
   Tel:  415.442.1000
8  Fax:  415.442.1001
   E-mail: areding@MorganLewis.com
9
   Attorneys for Defendant
10 COMCAST INC.

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15

16 DANIEL KEATING-TRAYNOR on              Case No. CV-08-2907-MHP
   behalf of himself and all others similarly
17 situated;                              **DEFENDANT COMCAST INC.'S
                                          REQUEST FOR JUDICIAL NOTICE IN
18              Plaintiffs,               SUPPORT OF ITS MOTION TO DISMISS
                                          PLAINTIFF'S COMPLAINT**
19         vs.
                                          **FRCP RULE 12(B)(6)**
20 AC SQUARE INC.; COMCAST INC.;
   AFSHIN GHANEH; ANDREW                  Date:        September 8, 2008
21 BAHMANYAR; AND DOES 1-60               Time:        2:00 p.m.
   INCLUSIVE;                             Courtroom: 15
22                                        Judge:       Honorable Marilyn H. Patel
              Defendants.
23

24

25         In accordance with the Federal Rule of Evidence 201, Defendant Comcast Inc.

26 ("Defendant" or "Comcast") respectfully requests that this Court take judicial notice of each of

27 the exhibits accompanying this Request for Judicial Notice.

28 ///

1         Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not

2   subject to reasonable dispute in that [they are] either (1) generally known within the territorial

3   jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

4   sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

5   Accordingly, Defendant asks this Court to take judicial notice of the following exhibit:

6         1.     Attached hereto and incorporated herein by reference as Exhibit A is a true and

7   correct copy of the Complaint in Daniel Joseph Keating-Traynor v. AC Square, Inc., Case No.

8   CIV 456118, filed in the Superior Court of the State of California, County of San Mateo, on July

9   7, 2006.

10                             MORGAN, LEWIS & BOCKIUS LLP
                            DARYL S. LANDY

11                             ANN MARIE REDING

12

13  Dated: _____           By _____

14                                     Daryl S. Landy
                                 Attorneys for Defendant

15                                   COMCAST INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  BRUCE R. BERNSTEIN (SB# 104230)
   LAW OFFICES OF BRUCE R. BERNSTEIN
2  2670 Leavenworth Street
   San Francisco, CA 94133
3  Tel:   (415) 474-1805
   Fax:   (415) 474-1806
4  Attorneys for Plaintiff
   DANIEL JOSEPH KEATING-TRAYNOR
5

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 0 7 2006

Clerk of the Superior Court
By ~~Jordan Maxwell~~
~~DEPUTY CLERK~~

6

7              SUPERIOR COURT OF CALIFORNIA

8               COUNTY OF SAN MATEO

9  DANIEL JOSEPH KEATING-TRAYNOR,        Case No.:

                                         **CIV** 4 5 6 1 1 8
10            Plaintiff,
                                         **COMPLAINT FOR DAMAGES AND**
11       v.                              **DEMAND FOR JURY TRIAL**

12  AC SQUARE, INC., a California
    corporation, Does 1-20,
13
              Defendants,
14  _____/

15

16                    **PARTIES**

1.      Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times
17
mentioned in this Complaint was a California corporation, with the principal place of business located
18
in Burlingame, San Mateo County, California.
19
2.      Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and
20
therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to
21
amend this complaint to allege the true identities when ascertained.
22
3.      Plaintiff is informed and believes and alleges that each of the defendants herein was at all
23
relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the
24
remaining defendants and acting within the course and scope of that relationship. Plaintiff is further
25
informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise
26
authorized the acts alleged herein to each of the remaining Defendants.
27

28
                              1
              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## STATEMENT OF FACTS

4.      Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast  consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.      Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.      However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.      Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.      Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.      Additionally, Defendant AC SQUARE, INC. improperly deducted the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10.     Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

11.    Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff.  (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12.    Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him.   For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13.    On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him. Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

### FIRST CAUSE OF ACTION
**[Non-Payment of Wages]**

14.    Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15.    Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16.    In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005).  Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17.    Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

1    as wages violating Labor Code § 222.

2    18.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable

3    attorney's fees and costs incurred in this action.

4    19.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on

5    all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date

6    the wages were due and payable.

7    20.    The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was

8    owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an

9    employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

10   they were due, whichever period is shorter.

11
        WHEREFORE, Plaintiff prays for judgment as hereinafter described.

12

13                        **SECOND CAUSE OF ACTION**
                          **[Failure to Pay Overtime Wages]**

14
     21.    Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.
15
     22.    During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid
16
     any wages for the time he worked in excess of eight hours.
17
     23.    Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours
18
     set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage
19
     order.
20
     24.    At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal.
21
     Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and
22
     provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed
23
     to be paid at the rate of time and one-half for hours in excess of 40 in one week.
24
     25.    Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that
25
     he should have received time and one-half for piece work in excess of 8 hours per day on as many
26
     as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed
27

28  ────────────────────────────
                        4
        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference

2   between the amount of wages owed pursuant to the Wage Order and the amount actually paid to

3   Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the

4   amount owed.

5   26.     Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the

6   applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7   27.     Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable

8   attorney's fees and costs incurred by him in this action.

9   28.     Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay

10  periods Plaintiff was underpaid for a total of **$350.00**.

11  29.     The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was

12  owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an

13  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

14  they were due, whichever period is shorter.

15      WHEREFORE, Plaintiff prays for judgment as hereinafter described.

16                          **THIRD CAUSE OF ACTION**
                            **[Violations of Labor Code § 2802]**

17

18  30.     Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

19  31.     While employed in the customary business of Defendants AC SQUARE, INC. and in the

20  direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies

21  and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff,

22  including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment,

23  including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial,

24  all necessarily for conducting Defendant's business of cable television/computer installation.

25  Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

26  32.     Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily

27  incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

28

1 | costs and attorney's fees in recovering said sums.

2 |      WHEREFORE, Plaintiff prays for judgment as hereinafter described.

3 | ### FOURTH CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]

4
5 | 33.    Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

6 | 34.    Defendant retaliated against Plaintiff by terminating him because he demanded wages to which

7 | he is entitled from Defendant.

8 | 35.    Such retaliation and discharge violates public policy of California according to Gould v.

9 | Maryland Sound Indust. Inc., (1996) 31 Cal.App.4th 1137, 1150 and Labor Code § 98.6. Demandng

10 | wages and reporting violations of wage law to management is a fundamental policy of this state. Id.

11 | 36.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed,

12 | and aggravated.  Plaintiff claims general damages for such mental distress and aggravation, in an

13 | amount to be determined later, and special damages to be ascertained for the cost of treatment to

14 | relieve such injuries.

15 | 37.    Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the

16 | wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive

17 | amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive

18 | damages in a sum to be ascertained.

19 | 38.    Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred

20 | by him in this action.

21
22 |      WHEREFORE, Plaintiff prays for judgment as hereinafter described.

23 | ### FIFTH CAUSE OF ACTION
### [Failure to Provide Personnel File, Copies and an Itemized Statement]

24 | 39.    Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

25
26 | 40.    On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant

27 | to Labor Code §§ 226(b),  432 and 1198.5.

28

1   41.   Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor

2   has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

3         WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

4         1.    For general damages in a sum to be ascertained;

5         2.    For special damages, including compensatory damages for past lost wages,
6               overtime pay, reimbursement of all improper deductions and chargebacks
                made, reimbursement for all expenses necessarily incurred by Plaintiff in the
7               discharge of his duties for employer, in a sum to be ascertained;

8         3.    For interest on the lost wages and overtime pay;

9         4.    For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor
                Code § 203;

10        5..   For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00
11              and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

12        6.    For attorney's fees in a sum to be ascertained pursuant to Labor Code
                §§ 218.5, 226(e), 1194 and 2802(c);

13        7.    For exemplary or punitive damages;

14        8.    For costs of suit herein incurred; and,

15        9.    For such other further relief as the Court may deem proper.

16
                            **DEMAND FOR JURY TRIAL**
17

18        Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

19
    DATED:      June 28, 2006
20

21                              LAW OFFICES OF BRUCE R. BERNSTEIN

22

23                        BY:  _____

24                             BRUCE R. BERNSTEIN
                               Attorneys for Plaintiff
25                             DANIEL KEATING-TRAYNOR

26

27

28
                                        7

EXHIBIT C

1    MORGAN, LEWIS & BOCKIUS LLP
     DARYL S. LANDY, SBN. 136288
2    2 Palo Alto Square
     3000 El Camino Real, Suite 700
3    Palo Alto, CA  94306-2122
     Tel:  650.843.4000
4    Fax:  650.843.4001
     E-mail:  dlandy@MorganLewis.com
5
     MORGAN, LEWIS & BOCKIUS LLP
6    ANN MARIE REDING, SBN 226864
     One Market Street, Spear Street Tower
7    San Francisco, California  94105-1126
     Tel:  415.442.1000
8    Fax:  415.442.1001
     E-mail: areding@MorganLewis.com
9
     Attorneys for Defendant
10   COMCAST INC.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15

16   DANIEL KEATING-TRAYNOR on           Case No. CV-08-2907-MHP
     behalf of himself and all others similarly
17   situated;                           **DEFENDANT COMCAST INC.'S
                                         MEMORANDUM OF POINTS AND
18                Plaintiffs,            AUTHORITIES IN SUPPORT OF ITS
                                         MOTION TO DISMISS PLAINTIFF'S
19           vs.                         COMPLAINT**

20   AC SQUARE INC.; COMCAST INC.;       **FRCP RULE 12(B)(6)**
     AFSHIN GHANEH; ANDREW
21   BAHMANYAR; AND DOES 1-60            Date:       September 8, 2008
     INCLUSIVE;                          Time:       2:00 p.m.
22                                       Courtroom: 15
                Defendants.             Judge:      Honorable Marilyn H. Patel
23

24

25

26

27

28   DB1/61968879.1                                 Case No. CV-08-2907-MHP
                                                    DEFENDANT COMCAST'S
                                               MPA ISO MOTION TO DISMISS

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    <u>PRELIMINARY STATEMENT.</u>**

3        On June 11, 2008, Plaintiff Daniel Keating-Traynor ("Plaintiff") filed this putative wage

4    and hour class action in the above-referenced Court alleging two claims against Defendant

5    Comcast Inc. ("Defendant" or "Comcast"): (1) Violation of the Fair Labor Standards Act, 29

6    U.S.C. section 201, *et seq*. ("FLSA") and (2) Conspiracy to Violate the FLSA.  According to

7    Plaintiff's Complaint, he was employed as a technician for defendant AC Square, Inc., a company

8    which employs technicians that install, disconnect, and upgrade cable television, computer and

9    other electronic services to consumers who use Comcast's services and equipment.  (Complaint

10   ¶2.)  Plaintiff further alleges that Comcast was his "joint employer."  (Complaint ¶3.)[1]  In

11   addition, Plaintiff alleges that his employment was terminated on May 2, 2005.  (Request for

12   Judicial Notice filed herewith, Ex. A, ¶13.)

13       Comcast seeks to dismiss Plaintiff's claims because they are barred by the FLSA's

14   maximum three-year statute of limitations.  Accordingly, because both claims against Comcast

15   fail to state a claim upon which relief can be granted, Plaintiff's case must be dismissed in its

16   entirety without leave to amend.

17   **II.    <u>THE STANDARD FOR GRANTING A MOTION TO DISMISS.</u>**

18       Part or all of a complaint must be dismissed if it "fail[s] to state a claim upon which relief

19   can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper where the complaint's allegations,

20   even if taken as true, would not entitle the plaintiff to recover as a matter of law.  *Jacobs v. Block*,

21   250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th

22   Cir. 1988).  Here, as discussed below, Plaintiff's claims should be dismissed because they are

23   defective on the face of the Complaint.  Plaintiff's class action allegations for these claims should

24   also be dismissed, because he has no standing to bring these claims on behalf of a class.  *General*

25   *Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims

26   themselves cannot represent a class who may have claims).

27   ───────────────

28   [1] Comcast strongly disputes this allegation and reserves all of its rights to assert that it never was
     Plaintiff's employer.

1
2

III.    **PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF THE FLSA IS TIME-BARRED.**

3          In his First Claim, Plaintiff purports to state a claim for violation of the FLSA.

4   (Complaint ¶¶ 11-14.)  Under the FLSA, an action to recover unpaid overtime compensation is

5   barred unless commenced within two years after the cause of action accrues, except where the

6   violation of the Act was "willful," in which case the action may be commenced within three

7   years.  29 U.S.C. § 255.  Under the FLSA, a cause of action for unpaid wages accrues each

8   payday on which the wages due to an employee were not paid.  *Bazemore v.* Friday, 478 U.S.

9   385, 395-96 (1986); *Biggs v.* Wilson, 1 F.3d 1537, 1540 (9th Cir. 1993).

10          In his original Complaint filed against defendant AC Square, Inc., Plaintiff alleged that his

11   employment terminated on May 2, 2005.  (Request for Judicial Notice filed herewith, Ex. A,

12   ¶13.)[2]  Plaintiff did not file the instant lawsuit until June 11, 2008, over three years after his

13   termination.  Accordingly, Plaintiff did not, and cannot, plead facts sufficient to state a claim for

14   violation of FLSA because his claim is barred by the both the two-year and three-year statutes of

15   limitations.  Therefore, Plaintiff's First Claim for violation of the FLSA should be dismissed.

16   IV.    **PLAINTIFF'S SECOND CLAIM FOR CONSPIRACY TO VIOLATE THE FLSA IS ALSO TIME-BARRED.**

17

18          In his Second Claim, Plaintiff purports to state a claim for conspiracy to violate the FLSA.

19   (Complaint ¶¶ 15-16.)  The applicable statute of limitations for a civil conspiracy claim is the

20   statute of limitations for the underlying claim.  *See Harrell v. 20th Century Ins. Co.*, 934 F.2d

21   203, 208 (9th Cir. 1991) (where fraud claim barred by applicable three-year statute of limitation,

22   civil conspiracy claim based on fraud did not constitute actionable claim); *Risk v. Kingdom of*

23   *Norway*, 707 F. Supp. 1159, 1170, n. 13 (N.D. Cal. 1989)(noting that liability is based on

24   underlying tort committed in furtherance of conspiracy and applicable statute of limitations is that

25   of underlying tort); *Maheu v. CBS, Inc.,* 201 Cal. App. 3d 662, 673 (1988) (in "an action based on

26   civil conspiracy, the applicable statute of limitations is determined by the nature of the action in

27
_____

28   [2] Admissions in the pleadings are generally binding on the parties and the Court  *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

which the conspiracy is alleged"). Accordingly, the statute of limitations for Plaintiff's Second Claim for Conspiracy to Violate the FLSA is the same as the maximum three-year statute of limitations for his First Claim for Violation of the FLSA. Therefore, like the First Claim for violation of the FLSA above, Plaintiff's Second Claim is time-barred and must be dismissed.

## V.    ANY CLASS ALLEGATIONS BASED UPON PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED.

Because Plaintiff cannot individually bring his First Claim for Violation of the FLSA or his Second Claim for Conspiracy to Violate the FLSA, as addressed above, he cannot represent a class who may have such claims. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims themselves cannot represent a class who may have claims); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (same). Thus, the Court should dismiss not only Plaintiff's individual claims, but also dismiss these claims brought on behalf of the putative class.

## VI.    CONCLUSION

For all the foregoing reasons, this Court should dismiss Plaintiff's Complaint in its entirety, without leave to amend.

MORGAN, LEWIS & BOCKIUS LLP
DARYL S. LANDY
ANN MARIE REDING

Dated: _____    By _____
                                             Daryl S. Landy
                                             Attorneys for Defendant
                                             COMCAST INC.

# EXHIBIT D

1  MORGAN, LEWIS & BOCKIUS LLP
   DARYL S. LANDY, SBN. 136288
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001
   E-mail:  dlandy@MorganLewis.com
5
   MORGAN, LEWIS & BOCKIUS LLP
6  ANN MARIE REDING, SBN 226864
   One Market Street, Spear Street Tower
7  San Francisco, California  94105-1126
   Tel:  415.442.1000
8  Fax:  415.442.1001
   E-mail: areding@MorganLewis.com
9
   Attorneys for Defendant
10 COMCAST INC.

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15

16 DANIEL KEATING-TRAYNOR on            Case No. CV-08-2907-MHP
   behalf of himself and all others similarly
17 situated;                            [PROPOSED] ORDER GRANTING
                                        DEFENDANT COMCAST INC.'S MOTION
18              Plaintiffs,             TO DISMISS

19        vs.                           FRCP Rule 12(B)(6)

20 AC SQUARE INC.; COMCAST INC.;        Date:        September 8, 2008
   AFSHIN GHANEH; ANDREW               Time:        2:00 p.m.
21 BAHMANYAR; AND DOES 1-60            Courtroom: 15
   INCLUSIVE;                          Judge:       Honorable Marilyn H. Patel
22
              Defendants.
23

24

25        WHEREFORE, on September 8, 2008, the Motion to Dismiss Plaintiff Daniel Keating-

26 Traynor's ("Plaintiff") Complaint filed by Defendant Comcast Inc. ("Comcast" or "Defendant")

27 came on for regularly scheduled hearing in Courtroom Fifteen, the Honorable Marilyn H. Patel

28 presiding.  Daryl Landy of Morgan, Lewis & Bockius LLP appeared on behalf of Comcast and

1    Daniel Berko appeared on behalf of Plaintiff.  Upon consideration of the pleadings, papers, and

2    arguments of counsel, and with good cause shown, it is hereby **ORDERED AND ADJUDGED**

3    **THAT**:

4            Defendant's Motion is **GRANTED**.

5            Plaintiff's First Claim for Violation of the Fair Labor Standards Act, 29 U.S.C. section

6    201, *et seq*. ("FLSA") is dismissed, without leave to amend, because it is time-barred by the

7    FLSA's maximum three-year statute of limitations.  29 U.S.C. § 255.

8            Plaintiff's Second Claim is also dismissed, without leave to amend, because it is time-

9    barred by the maximum three-year statute of limitations.  *Harrell v. 20th Century Ins. Co*., 934

10   F.2d 203, 208 (9th Cir. 1991) (holding applicable statute of limitations for a civil conspiracy

11   claim is statute of limitations for underlying claim); *Risk v. Kingdom of Norway*, 707 F. Supp.

12   1159, 1170, n. 13 (N.D. Cal. 1989) (same).

13           Accordingly, Plaintiff's Complaint against Comcast, including all class allegations, is

14   dismissed, in its entirety, without leave to amend.

15           **IT IS SO ORDERED.**

16

17   Dated: _____          By: _____

18                                                United States District Court Judge

19

20

21

22

23

24

25

26

27

28