1 | Daniel Berko - SBN 94912
LAW OFFICE OF DANIEL BERKO
2 | 819 Eddy Street
San Francisco, CA 94109
3 | Telephone: 415-771-6174
Facsimile: 415-474-3748
4 | E-mail: BerkoLaw@SBCglobal.net

5

6 | Attorneys for Plaintiffs,
DANIEL KEATING-TRAYNOR on behalf of himself
and all others similarly situated
7

8

9 | UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 |

DANIEL KEATING-TRAYNOR on ) CASE NO: 08-2907MHP
12 | behalf of himself and all others similarly )
situated, ) FIRST AMENDED COMPLAINT FOR
13 |          Plaintiff, ) DAMAGES FOR VIOLATION OF FAIR
     vs. ) LABOR STANDARDS ACT
14 | )
AC SQUARE, COMCAST INC.; ) CLASS ACTION 29 USC 216(b)
15 | AFSHIN GHANEH; ANDREW )
BAHMANYAR; and   DOES 1 ) PLAINTIFF DEMANDS A JURY TRIAL
16 | THROUGH 60, inclusive, ) ON ALL ISSUES
)
17 |          Defendants. )
)
18 |

19

20 |    Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

21 | follows:

22 |    1.  This court has jurisdiction over this case because it is an action brought pursuant to the

23 | *Fair Labor Standards Act*, 29 USC §§ 201–219. Plaintiff and the class members each have a

24 | right to bring an action under the FLSA pursuant to 29 USC 216(b).

25 |    2.  Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE,

26 | INC., COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through

27 | 60 employ technicians who install, disconnect, and upgrade cable television, computer and other

28 |

- 1 -

1  electronic services to consumers who use the services and equipment of Comcast, a provider of

2  cable television and computer services to consumers throughout California. Does 1 through 60

3  knowingly direct, instigate, aid, abet, support, encourage, have agree to, and advise all the other

4  defendants in their violations of the FLSA and other labor laws.

5      3. Comcast Communications is a Delaware corporation licensed to do business and doing

6  business in California as Comcast. Comcast is a joint employer of Plaintiff and all class

7  members as alleged herein because the class members are performing essential functions of

8  Comcast's business, Comcast has significant power over their working conditions, the class

9  members are understood by the public to be representing Comcast, many of the class members,

10  including plaintiff at all times during his employment, obtained their daily work assignments at

11  Comcast warehouses,  all of the equipment installed by class members is Comcast equipment and

12  Plaintiff is informed and believes in the contract between AC Square and Comcast by which AC

13  Square agrees to have its technicians represent Comcast and install Comcast services in

14  customer's home dictates that AC Square is to receive insufficient funds for its technicians to be

15  paid in conformity with California and federal law.  Moreover, COMCAST knows, or should

16  know, that AC acts in violation of California Labor laws in its agreements with all class members

17  yet continues to encourage and enable AC to underpay its workers and continues to pay AC the

18  monies necessary to allow AC to continue profiting by violating the law and cheating class

19  members of their lawful rights. AC Square acts in close concert with Comcast in supervising

20  class members.  Moreover, Comcast aids and abets AC in its violations of the FLSA by knowing

21  of AC's business model and it knows, or should know, that in performing services for Comcast

22  for which Comcast pays AC Square, AC Square does not pay overtime to class members even

23  though class members are clearly not exempt from the requirements of the FLSA that they be

24  paid overtime and even though class members, including Plaintiff, regularly worked more than

- 2 -

forty hours in a work week. Comcast acted in the interest of AC Square and the other defendants in taking the actions herein alleged. Comcast, by shifting responsibility for the installation of Comcast equipment to AC and knowingly allowing AC to systematically underpay its cable technicians including plaintiff and class members, was able to unfairly compete in the market place by reducing the true costs of installing and servicing its equipment through the use of laborers paid less than lawful wages.

4. Afshin Ghaneh and Andrew Bahmanyar are managerial employees and/or officers and/or directors of AC Square. Afshin Ghaneh owns 100% of the stock of AC Square and has final say on any and all of its policies and practices. Afshin Ghaneh and Andrew Bahmanyar are responsible for setting corporate policy, have operational control of AC's payroll and business practices, including but not limited to directing and requiring AC to fail to pay overtime compensation even though it is clearly and unquestionably due to class members.  Ghaneh ordered, directed, and required AC not to pay overtime wages to Plaintiff and to other class members so that he could keep money that he knew should have gone to pay the employees their overtime wages for himself.  Ghaneh in fact appropriated for himself corporate funds that otherwise would have been used to pay Plaintiff and class members their overtime wages under federal law and California law and other wages due under California and minimum wages due under federal law.  In furtherance of the conspiracy, AC Square refused and failed to pay Plaintiff wages for the last part of his employment until after September 1, 2005.  When it paid Plaintiff his final check, after September 1, 2005, as part of the plan not to pay overtime wages that Defendants knew were due to Plaintiff, AC Square paid Plaintiff without paying him overtime as required by California and federal law.

5. Plaintiff does not know the true names of Defendants DOES 1 through 60 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis

- 3 -

of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint.

6. In this complaint, when reference is made to any act of AC SQUARE, INC., (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

7. In this complaint, when reference is made to any act of COMCAST INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

8. During at more than one work week during his employment, Plaintiff worked hours for which he was not paid including (1) staff meetings that were held weekly for which no compensation was paid and (2) the time starting no later than when Plaintiff reported to work, at a Comcast location as designated and required by defendants, to pick up job orders, plot which jobs would be done in what order, and pick up and/or drop off necessary equipment in order to perform the required work. Bahmanyar, Ghaneh, AC Square and their attorneys, including but not limited to in litigation, even though they must know it has no basis in either California or United States law, that employees paid according to the piece are not entitled to be paid for time working for the employer as described in items 1 and 2 of this paragraph, simply because they are paid by the piece. During more than one work week during his employment not only did Plaintiff

- 4 -

work for hours, for which he was not paid, but he also received less than the minimum wage for all hours worked.

9. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were directly employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast.

10. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television, computer and electronic services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, were willfully not paid all money due at termination of their employment, were not reimbursed for gas, cell phone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC, by uniform policy attributable to all class members, failed to pay each class member wages during all hours that they worked. Specifically, AC failed to pay class members for the time from when they first arrived at a Comcast or AC Square location to pick up work orders, plot which jobs would be done in what order, and pick up and/or drop off necessary equipment in order to perform the required work or for staff meetings. In addition, Plaintiff and the other members of the class were not paid overtime even though Plaintiff, and all

- 5 -

or almost all members of the class, worked at least one work week in which the class member

worked over forty hours in a workweek, but was not paid overtime. In addition, Plaintiff, and all

or almost all class members worked at least one (and often many more) days in which they

worked for more than eight hours in a day, but were not paid overtime as required by California

law. Accordingly, the facts supporting the claim for each class member is identical or

substantially similar for Plaintiff and each member of the class and the alleged breach and claim

of liability is identical or substantially identical for each member of the class. These questions

are such that proof of a state of facts common to the class representatives and to members of the

class will entitle each member of the class to the relief requested in this complaint.

11. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff

is a member of the class and plaintiff's claims are typical of those in the class.

12. Defendants AC, Afshin Ghaneh, Andrew Bahmanyar and their attorneys (who

have represented them not only in lawsuits filed in court, but also in conduct not part of court

cases) have all been on notice of Plaintiff's claim that he and others similarly situated have been

underpaid and are owed monies for overtime work since at least July 7, 2006, when Plaintiff filed

a lawsuit in the San Mateo Superior Court, being case number 456 118 alleging that he was not

paid for all hours worked or for legally required overtime. Plaintiff was required to dismiss his

overtime claims without prejudice in that action on June 21, 2007. Thereafter, on June 29, 2007,

having retained counsel so that he could effectively pursue his and class claims for under

payment of wages, alleged all facts necessary to put Defendants, and each of them, on notice of

his claims that he was not paid overtime when he worked over forty hours in a week or eight

hours in a day, and otherwise was not paid lawfully mandated wages and that he was bringing

said claims as a representative of all others similarly situated. The lawsuits filed on July 7, 2006

and June 29, 2007 (San Mateo Superior Court case No. 464 114) arose from the same

- 6 -

transactions and occurrences as this lawsuit. The lawsuit filed on June 29, 2007 remains pending at this time.

13. Plaintiff is informed and believes and thereupon alleges that Comcast also was on notice Plaintiff's claim that he and others similarly situated have been underpaid and are owed monies for overtime work since at least June when Plaintiff filed his lawsuit in the San Mateo Superior Court, being case number 456 118. In addition, although Plaintiff was forced to dismiss his overtime claims in that action without prejudice on June 21, 2007 because he did not have counsel on June 21, 2007 he thereafter, on June 29, 2007 (Case 464 114) alleged all facts necessary to put Defendants, and each of them, on notice of his claims to overtime and that he was bringing said claims as a representative of all others similarly situated.

14. In furtherance of the conspiracy to deprive class members of their lawful overtime and other wages, Ghaneh and Bahmanyar, tried to institute a policy for class members by which they would be forced to arbitrate their overtime claims. The purpose and intent of that policy, which was conceived of in concert with attorneys for AC Square, Ghaneh and Bahmanyar was to inhibit class members from seeking to enforce their rights under the Fair Labor Standards Act and California laws governing the employment relationship and specifically requiring wages to be paid to employees as required by California law. The so-called arbitration provisions were presented to class members still employed subsequent to June 29, 2007.

## **FIRST CLAIM FOR RELIEF**
### (VIOLATION OF FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 14 above.

16. AC, COMCAST, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through

- 7 -

60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

17. AC'S, COMCAST'S, AFSHIN GHANEH'S and ANDREW BAHMANYAR'S failure to pay overtime due to class members was a willful violation of the FLSA because it would be impossible for defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

18. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

**SECOND CLAIM FOR RELIEF**

**(CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)**

**(AGAINST ALL DEFENDANTS)**

19. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 14 and 16 through 18 above.

20. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof in an amount that is yet to be ascertained;

2. Special damages according to proof in an amount that is yet to be ascertained;

3. Interest on all sums awarded including prejudgment interest;

- 8 -

**FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

4.  Costs of suit;

5.  A reasonable attorney's fee;

6.  Such other, and/or further relief as is just and proper.

Dated:  August 4, 2008

_____
DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and each member of the class demands a jury trial on all issues.

Dated: August 4, 2008

_____
DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

- 9 -