1  Daniel Berko - SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

5

   Attorneys for Plaintiffs,
6  DANIEL KEATING-TRAYNOR on behalf of himself
   and all others similarly situated

7

8
                    UNITED STATES DISTRICT COURT
9
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 DANIEL KEATING-TRAYNOR on        )  CASE NO: 08-2907MHP
   behalf of himself and all others similarly )
12 situated,                         )  PLAINTIFF'S OPPOSITION TO
                                      )  MOTION TO DISMISS COMPLAINT
13              Plaintiff,            )  FOR DAMAGES FOR VIOLATION OF
         vs.                          )  FAIR LABOR STANDARDS ACT
14                                    )
   AC SQUARE, COMCAST INC.;           )  CLASS ACTION 29 USC 216(b)
15 AFSHIN GHANEH; ANDREW              )
   BAHMANYAR; and   DOES 1            )  Date: August 25, 2008
16 THROUGH 60, inclusive,             )  Time: 2:00 p.m.
                                      )  Honorable Marilyn Hall Patel
17              Defendants.           )
                                      )
18

19

20  **PLAINTIFF HAS FILED AN AMENDED COMPLAINT MAKING MOOT THIS
                                   MOTION**
21
        Plaintiff has been attempting to obtain Defendants' agreement to merge the complaint in
22
   this action with the complaint in the related removed action being Case No. 08-3035 MHP. This
23
   makes sense from a standpoint of judicial economy because this complaint was filed only one
24
   day after the complaint in Case No. 08-3035 and both contain the FLSA causes of action against
25
   the same individuals and entities. As to both of these two complaints, Defendants could then
26
   make one motion to dismiss and save time and expense for all concerned. To date, defendants
27

28

---
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

have declined to consent.

Plaintiff files this opposition solely as a protective device since he has filed a First Amended Complaint in this action. The First Amended Complaint moots the Motion to Dismiss already filed in this action. The First Amended Complaint notes more specifically that Plaintiff in fact worked over 40 hours in a work week without being paid overtime, and that class members, most or all, worked over 40 hours a week in one or more work weeks without being paid overtime. The First Amended Complaint also gives additional allegations as to how the individual defendants benefitted personally from the scheme to deprive Plaintiff and the class of their lawful wages. The First Amended Complaint also shows that the conspiracy included overt acts occurring less than three years before the complaint in this action was filed. The First Amended Complaint also shows that any statute of limitations claim is equitably tolled by Defendants knowledge of the allegations that form the core of this action, and Plaintiff's intend to bring legal action as a result, as early as July 7, 2006. The First Amended Complaint also shows that its claims relate back at least to June 29, 2007 (when the lawsuit was filed in San Mateo Superior Court as a class action) and in fact to the lawsuit filed in San Mateo Superior Court on July 7, 2006. The First Amended Complaint also shows that an additional conspirator in the scheme to deprive Plaintiff and the class of their lawfully due wages, including overtime and minimum wages under the FLSA, was AC Square's attorneys. Their conduct occurred both as part of the litigation, but also through conduct outside of litigation. The attorneys' conduct did not consist solely of defending AC Square and the other defendants against past conduct, (in which case Plaintiff would not name the attorneys as coconspirators) but also enables, aids, abets and encourages AC Square and the other defendants to continue to engage in conduct that is clearly unlawful under both United States and California law. So as to not disrupt the attorney-client relationship between AC Square et al., and their attorneys, Plaintiff has chosen not to name the attorneys as defendants at this time.

-2-

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS (Rule 12(b)(6))

## CONCLUSION

Plaintiff respectfully requests that the court take the Motion to Dismiss off calendar.

Dated: August 4, 2008

*/s/ Daniel Berko*

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-KEATING on behalf of themselves
and all those similarly situated

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS (Rule 12(b)(6))