1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA  95113.2303
   Telephone:   408.998.4150
5  Facsimile:   408.288.5686
   E-Mail: rpeters@littler.com
6          bemmert@littler.com

7  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
8  ANDREW BAHMANYAR

9                       UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                          SAN FRANCISCO DIVISION

12
   DANIEL KEATING-TRAYNOR on              Case No.  CV-08-2907-MHP
13 behalf of himself and all others similarly
   situated;                               **DEFENDANT AFSHIN GHANEH'S
14                                         NOTICE OF MOTION AND MOTION TO
                  Plaintiffs,              DISMISS PLAINTIFF'S FIRST AND
15                                         SECOND CAUSES OF ACTION FROM
        v.                                 COMPLAINT, CASE NUMBER CV-08-
16                                         2907-MHP**
   AC SQUARE INC.; COMCAST INC.;
17 AFSHIN GHANEH; ANDREW                   FRCP Rule 12(b)(6)
   BAHMANYAR; AND DOES 1-60
18 INCLUSIVE;                              Date: August 25, 2008
                                           Time: 2:00 p.m.
19                Defendants.              Courtroom: 15
                                           Judge: Honorable Marilyn H. Patel
20

21

...

TABLE OF CONTENTS
(CONTINUED)

PAGE

3. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE OR ENTITIES ...............................................................................................12

    a. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. BAHMANYAR'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE ............................12

    b. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE ........................................................13

    c. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW COMCAST, INC. DID ANY ACT SUFFICIENT TO SUSTAIN HIS CAUSE OF ACTION FOR CONSPIRACY ......................................................................................................13

V. CONCLUSION ..............................................................................................................14

# TABLE OF AUTHORITIES

PAGE

## CASES

*American Title Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) .................................. 6, 7

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994) ......................... 10

*Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1974 (2007) .................................................. 6, 9, 10

*Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995) ................................................ 10, 12

*Bradstreet v. Wong*, 161 Cal. App. 4th 1440 (1st Dist. 2008) ......................................... 11

*General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) ........................ 10

*Hays v. Bank of America*, 71 Cal. App. 2d 301, 305 (1945) ............................................. 13

*Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986) ........................ 9

*Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) ...................... 7, 8

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ............ 6

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ........................................ 6

*Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) ............................................. 14

*Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988) ............................................ 10, 11

*Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960) ................................... 7

*Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) ................................................................................................. 6

*Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) ........... 5

*Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) ..................................... 10, 11, 13

*Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953) ..................................... 7

## STATUTES

29 U.S.C. § 206(a) ............................................................................................................. 9

29 U.S.C. § 207(a)(1) ........................................................................................................ 10

29 U.S.C. § 255(a) ............................................................................................................. 7

29 U.S.C. Section 206 ....................................................................................................... 9

29 U.S.C. section 207 ........................................................................................................ 10

California Business and Professions Code section 17200 ................................................ 3

California Labor Code section 201 ................................................................................... 2

California Labor Code section 226 ................................................................................... 3

California Labor Code section 2802 ............................................................................. 2, 3

California Labor Code section 510 and 1194 .................................................................. 3

California Labor Code section 558 ................................................................................... 3

California Labor Code sections 226, 432 and 1198 ........................................................ 2

## TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

California Labor Code sections 510 and 1198 ................................................................2

Federal Rules of Civil Procedure, Rule 12(b)(6)....................................................1, 5, 6

### OTHER AUTHORITIES

9 *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, §9:187 (TRG 2008.................................................................................6

Fair Labor Standards Act, 29 U.S.C. § 201 .....................................................................1

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES BY AND THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Please take notice that on (**DATE**) at (**TIME**), or as soon thereafter as the matter may be heard in Courtroom 15 of the District Court of the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94012, before The Honorable Marilyn H. Patel, Defendant Afshin Ghaneh will move this court for an order dismissing Plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first and second causes of action against Mr. Ghaneh from the Complaint, case number CIV CV-08-2907-MHP. Mr. Ghaneh's motion to dismiss is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and on the grounds that each of these causes of action fail to state facts sufficient to sustain the cause of action against Mr. Ghaneh and/or are barred by the applicable statute of limitations.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Request for Judicial Notice, any oral argument that may be heard, and all pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Afshin Ghaneh brings this motion to dismiss Plaintiff's first, second, third, fourth and fifth causes of action against himself only and not on behalf of any other co-defendant, including Comcast, Inc. To the extent this motion discusses Plaintiff's allegations regarding co-defendant Comcast, Inc. in his conspiracy causes of action, Plaintiff's first, third and fifth causes of action, such discussion is made solely for the purpose of showing Plaintiff's Complaint fails to state facts sufficient to support a conspiracy cause of action against Afshin Ghaneh and for no other purpose. Counsel for Afshin Ghaneh does not represent Comcast, Inc. and no argument in this motion should be inferred as being made by or on behalf of Comcast, Inc.

Plaintiff's Complaint, contains two causes of action against Mr. Ghaneh for: (1) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as the "FLSA"); and, (2) Conspiracy to Violate the FLSA. However, neither of these causes of action can

1.

be sustained against Mr. Ghaneh as a matter of law. First, Plaintiff's causes of action are barred by the statute of limitations. Specifically, Plaintiff has admitted he last worked for AC Square, Inc. on May 2, 2005. Thus, any claim for a violation of the FLSA ran by at least May 2, 2008. Regarding his conspiracy claims, Plaintiff has failed to allege facts showing the formation and operation of a conspiracy and/or any legally redressable wrongful act or damage. Thus, for the reasons more completely stated within, this motion must be granted and Plaintiff's first and second causes of action against Mr. Bahmanyar must be dismissed.

## II.     STATEMENT OF FACTS

### A.     AC Square, Inc.

AC Square, Inc. is a cable installation contractor, doing work primarily for Comcast, Inc. Defendant provides installation of cable television and computer related services to primarily residential customers of Comcast at various locations in northern California. AC Square, Inc. was formed in February of 2004. AC Square, Inc. currently employees between ninety and one hundred and thirty technicians.

### B.     Procedural History

Plaintiff's Complaint filed in this Court, is the fourth Complaint he has filed against AC Square, Inc. and the second he has filed against Mr. Ghaneh for the same alleged wrong.

#### 1.     Plaintiff's First Complaint

Plaintiff filed his first Complaint naming as defendant only AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118. (hereinafter referred to as the "Original Complaint") (Request for Judicial Notice, Exh. A). The Original Complaint contained five causes of action for: (1) nonpayment of wages in violation of California Labor Code section 201; (2) failure to pay overtime wages in violation of California Labor Code sections 510 and 1198; (3) violation of California Labor Code section 2802; (4) wrongful termination; and, (5) failure to provide personnel file/failure to provide itemized wage statements in violation of California Labor Code sections 226, 432 and 1198.5. *Id.* As pertinent to this motion, the Original Complaint alleged AC Square, Inc. failed to pay Plaintiff compensation for all hours that he worked. Plaintiff dismissed his first, second, third and fifth causes of action without prejudice on June 25,

2.

TLER MENDELSON
PROFESSIONAL CORPORATION
Vest San Fernando Street
15th Floor
n Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. 08-CV-2907-MHP

2007. (Request for Judicial Notice, Exh. B). Plaintiff's fourth cause of action for wrongful termination was dismissed following a grant of summary adjudication in favor of AC Square, Inc. (Request for Judicial Notice, Exh. C). Judgment was entered on the Original Complaint on June 28, 2007. (Request for Judicial Notice, Exh. D).

### 2. Plaintiff's Second Complaint

Plaintiff filed a second Complaint again naming as defendant only AC Square, Inc. in the San Mateo County Superior Court on June 29, 2007, action number 464144. (hereinafter referred to as the "Second Complaint") (Request for Judicial Notice, Exh. E). Plaintiff's Second Complaint contains five causes of action for: (1) violation of California Business and Professions Code section 17200; (2) violation of California Labor Code section 2802; (3) failure to pay overtime wages pursuant to California Labor Code section 510 and 1194; (4) failure to furnish itemized wage statements pursuant to California Labor Code section 226; and, (5) failure to pay wages due. *Id.* This Complaint, like the Original Complaint, alleges AC Square, Inc. failed to pay Plaintiff compensation for all hours worked. The first through fourth causes of action are brought on behalf of Plaintiff and all other similarly situated individuals. *Id.* The fifth cause of action was brought by Plaintiff on his own behalf. *Id.*

### 3. Plaintiff's Third Complaint

On June 10, 2008 Plaintiff filed a new Complaint in the San Mateo County Superior Court, action number 473571. (hereinafter referred to as the "Third Complaint") (Request for Judicial Notice, Exh. F). Plaintiff's Third Complaint is also styled as a class action on behalf of Plaintiff and all other similarly situated individuals. *Id.* The Third Complaint names as defendants AC Square, Inc. and adds as defendants, Comcast, Inc., Mr. Ghaneh, and Andrew Bahmanyar. It contains five causes of action for: (1) conspiracy to violate California Business and Professions Code section 17200; (2) violation of the FLSA; (3) conspiracy to violate the FLSA; (4) failure to pay monies at termination of employment; and, (5) conspiracy to violate California Labor Code section 558. *Id.* This Complaint, like the Original Complaint and the Second Complaint alleges the same wrongful conduct. The significant differences between the Third Complaint and the Original and Second Complaint is it alleges different causes of action and names additional defendants. However,

3.

TLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. 08-CV-2907-MHP

the underlying allegations are identical.

On June 19, 2008 AC Square, Inc. moved to consolidate Plaintiff's Second and Third Complaints. (Request for Judicial Notice, Exh. G). The San Mateo Superior Court granted AC Square, Inc.'s consolidation request and ordered the Second and Third Complaints consolidated under action number 464144. *Id.* (The Second and Third Complaints will hereinafter be collectively referred to as the "Consolidated Action"). On June 20, 2008 AC Square, Inc. removed the Consolidated Action to this Court. (to Request for Judicial Notice, Exh. H).

### 4. Plaintiff's Fourth Complaint

On June 11, 2008, Plaintiff filed the instant Complaint. (hereinafter referred to as the "Fourth Complaint"). This Complaint, like the Third Complaint names as defendants AC Square, Inc., Comcast, Inc. Mr. Ghaneh, and Andrew Bahmanyar. (Request for Judicial Notice, Exh. I). The Fourth Complaint contains two causes of action for: (1) violation of the FLSA; and, (2) conspiracy to violate the FLSA. *Id.* The Fourth Complaint is essentially the same as the Third Complaint, but only alleges causes of action for alleged violations of the FLSA.

On June 27, 2008 Plaintiff filed an Administrative Request to have the Consolidated Action consolidated with the Fourth Complaint. (Request for Judicial Notice, Exh. J).

### C. Statement of Allegations

This Motion is directed at first and second causes of action in Plaintiff's Fourth Complaint. As to Mr. Ghaneh, Plaintiff alleges he is a managerial employee, officer, and/or director of AC Square, Inc. (Request for Judicial Notice, Exh. I, ¶ 4, p. 2:25-26). Plaintiff further alleges Mr. Ghaneh was partially responsible for setting AC Square, Inc.'s policies and has partial control over AC Square, Inc.'s payroll and business practices. (Request for Judicial Notice, Exh. I, ¶ 4, pp. 2:27; 3:1). He also alleges Mr. Ghaneh owns one hundred percent of AC Square, Inc.'s stock and has final say on any of its policies and practices. (Request for Judicial Notice, Exh. I, ¶ 4, p. 26-27). He finally alleges that Mr. Ghaneh acted with the other Defendants "in a tacit and express agreement" to not pay AC Square, Inc.'s employee overtime compensation to which they were allegedly entitled. (Request for Judicial Notice, Exh. I, ¶ 16, p. 5:21-24).

///

LER MENDELSON
PROFESSIONAL CORPORATION
s1 San Fernando Street
15th Floor
Jose, CA 95113 2303
408 998 4150

As to AC Square, Inc. Plaintiff claim it employs technicians that install, disconnect, and upgrade television, computer and other electronic services to Comcast's customers. (Request for Judicial Notice, Exh. I, ¶ 2, pp. 1:25-27; 2:1). Plaintiff claims he "**worked** as a technician" for AC Square, Inc. (Request for Judicial Notice, Exh. I, ¶ 8, p. 4:1-2.) (emphasis added). He also alleges he "was **formerly** employed by AC [Square, Inc.] as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use" Comcast's services. (Request for Judicial Notice, Exh. I, ¶ 8, p. 4:3-6) (emphasis added). On the basis of these allegations, Plaintiff claims AC Square, Inc. did not pay its employees for all hours worked and failed to pay its employees overtime. (Request for Judicial Notice, Exh. I, ¶ 9, p. 4:7-15).

While Plaintiff admits he was "formerly employed" by AC Square, Inc., the Fourth Complaint conveniently omits any allegations showing time period he worked for AC Square, Inc. However, in the Original Complaint, Plaintiff expressly admitted that he was employed by AC Square, Inc. from "around January 30, 2005" to "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 5, p. 2:9; ¶ 13, p. 3:11). In that same Complaint, Plaintiff admitted that AC Square, Inc. terminated him on about May 2, 2005. (Request for Judicial Notice, Exh. A, ¶ 13, p. 3:11).

In addition, the Fourth Complaint fails to allege any facts showing Plaintiff's weekly or monthly salary - or hourly wage – while he was employed by AC Square, Inc. It also specifically fails to allege any facts showing the hours he claims to have worked for AC Square, Inc. and/or whether Plaintiff actually worked any hours for the purposes of overtime compensation.

### III. STATUTORY AUTHORITY

Mr. Ghaneh brings this Motion pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).[1] A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in a civil complaint and authorizes the court to dismiss an action on the basis of a dispositive issue of law. See *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

In entertaining a Rule 12(b)(6) motion, a court must determine whether the facts alleged by the plaintiff, if assumed to be true, would entitle that plaintiff to a legal remedy.

---

[1] Unless otherwise stated, all cited rules refer to the Federal Rules of Civil Procedure.

1  Dismissal of an action under Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable
2  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" 9
3  *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, § 9:187 (TRG
4  2007.)   In ruling on such motion, "[g]enerally a court may not consider material beyond the
5  complaint." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).
6  "However, '[a] court may take judicial notice of 'matters of public record' without converting a
7  notion to dismiss into a motion for summary judgment,' as long as the facts notices are not 'subject
8  to reasonable dispute.'" *Id.*; See also *Mullis v. United States Bankruptcy Court for the District of
9  Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial admissions of fact are considered matters of
10 which a court may take judicial notice and are binding on the parties and the court. *American Title
11 Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

12         A Rule 12(b)(6) motion to dismiss is appropriate where the plaintiff has stated a claim
13 that omits one or more key elements of a cause of action. 9 *Schwarzer, et. al., California Practice
14 Guide, supra,* § 9:179. ["A motion to dismiss is often very effective where plaintiff has stated the
15 claim in vague, conclusory terms without setting forth one or more key elements."] Such motion is
16 also proper where the plaintiff's action is time-barred. See *Jablon v. Dean Witter & Co.*, 614 F.2d
17 677, 682 (9th Cir. 1980).

18         To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to
19 state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955,
20 1974 (2007).  While a plaintiff is not required to plead "detailed factual allegations," a plaintiff
21 nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,'
22 [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the
23 elements of a cause of action will not do." *Id.* at 1964-65. A complaint cannot simply "le[ave] open
24 the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support
25 recovery." *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge []
26 the [] claims across the line from conceivable to plausible." *Id.* at 1974. Because Plaintiff has failed
27 to allege sufficient facts that provide "the 'grounds' of his 'entitle[ment] to relief" his claims must be
28 dismissed.

6.

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FIRST CAUSE OF ACTION FOR VIOLATION OF THE FLSA

#### 1. PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE FLSA IS BARRED BY THE STATUTE OF LIMITATIONS

Even assuming Mr. Ghaneh is a proper defendant in this cause of action, Plaintiff's cause of action for violation of the FLSA is barred by the statute of limitations. The statute of limitations for an alleged violation of the FLSA is two years. *See* 29 U.S.C. § 255(a). The FLSA's statute of limitations period is extended to three years only if the employer's violation is willful. *Id.* "The limitations period for an action under the FLSA begins to run at the time the employer breaches his duties under the Act..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)). "It is well settled that 'A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which overtime compensation is claimed.'" *Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960).

Based on the clear and unambiguous limitations period, Plaintiff cannot sustain his second cause of action against Mr. Ghaneh as any potential FLSA claim is barred by the statute of limitations. Plaintiff admitted he worked for AC Square, Inc. from "about January 30, 2005" to "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 5, p. 2:9; ¶ 13, p. 3:11). This allegation in his Original Complaint constitutes a judicial admission of which this Court may take judicial notice and which is binding on Plaintiff. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (stating "under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court."). As pertinent to this motion, the *American Title Ins. Co.* Court stated:

> "[U]nder federal law, stipulations and admissions in the pleading are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." (citations omitted). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." (citation omitted). Factual assertions in the pleadings...,unless amended, are considered judicial

7.

admissions conclusively binding on the party who made them....A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation. *Id.*

Plaintiff's admission in his Original Complaint that he last worked for AC Square, Inc. on May 2, 2005 is an unequivocal statement of fact that has never been amended, withdrawn or otherwise modified. As this admission was made by Plaintiff, it establishes the last date Plaintiff worked for AC Square, Inc. for the purposes of this motion and the date Plaintiff's causes of action for violation of the FLSA began to run.

Specifically, Plaintiff's FLSA claims began to run when Mr. Bahmanyar, by and through his agency with AC Square, Inc., allegedly breached its "duties under the [FLSA]..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000). The limitations period began to run at the same time for Mr. Ghaneh because Plaintiff has only alleged that Mr. Ghaneh acted by and through AC Square, Inc. Thus, it does not matter whether Plaintiff claims Mr. Ghaneh, by and through his agency with AC Square, Inc., negligently or intentionally violated the FLSA because Plaintiff did not file his Fourth Complaint, until June 11, 2008, more than thirteen months after the statute of limitations ran on a non-willful violation and more than a month after the statute ran on an alleged willful violation. Thus, Plaintiff's first cause of action for violation of the FLSA must be dismissed as it is barred by the statute of limitations.

2. **PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED THE FLSA**

Even if Plaintiff's FLSA cause of action is not barred by the statute of limitations, Plaintiff has failed to allege sufficient facts to sustain this claim. At most, Plaintiff has alleged AC Square, Inc., by and through its agents, "failed to pay each class member wages during all hours that they worked" and he and/or other employees were "not paid for overtime when he worked more than an 8 hour day...more than a forty hour week...the seventh day in a row...[or] over eight hours on the seventh day." (Request for Judicial Notice, Exh. I, ¶ 9, p. 4:7-15). These allegations are insufficient to sustain this claim as a matter of law as he has failed to allege facts showing any entitlement to the relief sought.

      a.    **PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 206**

29 U.S.C. Section 206 states, in pertinent part, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates...". 29 U.S.C. § 206(a). "[T]o establish a violation of the minimum wage requirements of the FLSA, a plaintiff... must demonstrate that he[/she] was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986). There is no violation of the FLSA's minimum-wage provisions "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Id.* at 357.

Plaintiff's conclusion that "AC [Square, Inc.] failed to pay each class member wages during all hours that they worked" is insufficient to sustain this claim. (Request for Judicial Notice, Exh. I, ¶ 9, p. 4:14-15). Plaintiff has failed to allege any activity that he or the putative class members were engaged in that would be compensable for the purposes of the FLSA. Specifically, Plaintiff does not allege what hours he or the putative class members allegedly worked, the amount of compensation they actually received, or any other facts that would permit an inference that he or the putative class members were actually paid less than the minimum wage as required by the FLSA. Plaintiff's conclusion that he and the other putative class members were not paid for all hours worked without pleading any factual support is not sufficient to support a cause of action for violation of 29 U.S.C Section 206. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (stating a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitations of the elements of a cause of action will not do."). Thus, Plaintiff's first cause of action for violation of the FLSA must be dismissed.

LITTLER MENDELSON
PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

### b.  PLAINTIFF HAS NOT ALLEGED FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 207

29 U.S.C. section 207 states, in pertinent part, that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). As stated above, Plaintiff fails to allege that he or any other putative class member worked forty or more hours at any time. At most, Plaintiff alleges he and the putative class members "were not paid overtime" without alleging any entitlement to overtime compensation. (Request for Judicial Notice, Exh. I, ¶ 9, p. 4:12). This conclusory pleading is insufficient according to *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1964-65 (2007). Thus, Plaintiff cannot sustain his first cause of action for an alleged violation of the FLSA against Mr. Ghaneh as a matter of law.

### B.  PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS SECOND CAUSE OF ACTION AGAINST MR. GHANEH

Conspiracy is not an independent cause of action "but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasor a common plan or design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994). As such, it has the same statute of limitations as the claim on which it is based. *Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988). To state a claim for conspiracy, "the complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts." *General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991). "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy all of the elements of a cause of action for some other tort or wrong." *Id.* "[A] simple failure to comply with statutory overtime requirements...does not qualify" to support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005). Moreover, a conspiracy necessarily involves two or more people or entities. *Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995). "Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the

10.

corporation and not as individuals for their individual advantage." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005); See also *Bradstreet v. Wong*, 161 Cal. App. 4th 1440 (1st Dist. 2008) (finding shareholders, officers or managing agents of a corporation not personally liable for corporation's failure to pay employees' wages).

### 1. PLAINTIFF'S SECOND CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA IS BARRED BY THE STATUTE OF LIMITATIONS

As stated above, "an action based on civil conspiracy, the applicable statute of limitations is determined by the nature of the action in which the conspiracy is alleged." *Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988). The statute of limitations for Plaintiff's second cause of action is the same as the statute of limitations as his first cause of action on which it is based. Thus, Plaintiff's second cause of action is barred by the statute of limitations prescribed by the FLSA for the same reasons Plaintiff's first cause of action is barred. *See supra* Part IV.A.1.

### 2. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SUSTAIN HIS SECOND CAUSE OF ACTION FOR CONSPIRACY AGAINST MR. GHANEH

Plaintiff's Complaint is devoid of any allegations showing the formation and operation of a conspiracy, any wrongful act or acts done in accordance with an alleged conspiracy, and fails to allege any legally compensable damage from any alleged conspiracy. Plaintiff's allegations that "Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA" fails to support a conspiracy claim. (Request for Judicial Notice, Exh. I, ¶ 16, p. 5:21-24). Plaintiff has not alleged any facts showing the formation and operation of the alleged conspiracy, any improper act done pursuant to the conspiracy, and/or any damage properly redressable through this cause of action. As stated above, an unsupported conclusion that AC Square, Inc. did not pay its employees for all hours they claim to have worked is not sufficient to support a conspiracy claim. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) (stating, "[A] simply failure to comply with statutory overtime requirements...does not qualify" to support a claim for conspiracy).

11.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. 08-CV-2907-MHP

TTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

### 3. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE OR ENTITIES

Plaintiff has failed to allege facts sufficient to show the predicate requirement that two or more persons conspired to violate the FLSA. Plaintiff's conspiracy allegations against Afshin Ghaneh and Andrew Bahmanyar are not sufficient to sustain this claim because, even if assumed true, they were acting within their capacity as agents of AC Square, Inc. and are therefore immune from this cause of action under the agent immunity rule. In addition, Plaintiff has failed to allege Comcast, Inc. had any obligation to him or the other putative class members and therefore cannot identify any alleged duty Comcast, Inc. violated necessary to sustain this claim.

#### a. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. BAHMANYAR'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE

Plaintiff claims that Mr. Bahmanyar involvement in the alleged conspiracy is based on his alleged position as a managerial employee, officer and/or director and his nonexclusive responsibility for AC Square, Inc.'s payroll and business practices. (Request for Judicial Notice, Exh. 1 ¶ 4, pp. 2:25-27; 3:1-2). The Complaint does not contain any allegations that Mr. Bahmanyar acted outside his official capacity on behalf of the corporation in doing any alleged improper act. See *Black v. Bank of America*, 30 Cal. App. 4th 1, 4 (1994). At most, Plaintiff claims that Mr. Bahmanyar failed to pay Plaintiff all wages due owing in such capacity. (Request for Judicial Notice, Exh. I, ¶ 16, p. 5:21-24). Thus, Plaintiff's claims against Mr. Bahmanyar are specifically limited to acts allegedly committed within the scope of his agency because Plaintiff is claiming Mr. Bahmanyar was partially responsible for AC [Square, Inc.'s] payroll and business practices" and AC Square, Inc. "deprive[d] Plaintiff and all class members of their rights to overtime pay as provided by the FLSA." (Request for Judicial Notice, Exh. I, ¶ 4, pp. 2:25-27; 3:1-2; ¶ 16, p. 5:21-24). As Mr. Bahmanyar could not possibly "deprive" Plaintiff of any overtime pay to which he is allegedly entitled under the FLSA but for his alleged responsibility for AC Square, Inc.'s payroll and business practices, he necessarily must have been acting in his capacity as AC Square, Inc.'s agent in doing the alleged improper acts. It necessarily follows that, because "directors and officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their

12.

TLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

official position" and corporate agents, such as Mr. Bahmanyar, are "not personally liable for the corporate employer's failure to pay its employee's wages" *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087, Plaintiff's second cause of action cannot be sustained against Mr. Bahmanyar as a matter of law.

  b. **PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE**

As with Mr. Bahmanyar, Plaintiff claims Mr. Ghaneh is a managerial employee, officer and/or director of AC Square, Inc. and is partially responsible for its payroll and business practices (Request for Judicial Notice, Exh. I, ¶ 4, pp. 2:25-27; 3:1-2). Plaintiff also alleges that Mr. Ghaneh owns one hundred percent of AC Square, Inc. and has final say on any of its policies and practices. (Request for Judicial Notice, Exh. I, ¶ 4, p. 2:26-27). However, these allegations are insufficient to show Mr. Ghaneh's actions are not subject to the agent immunity rule.

The Fourth Complaint fails to allege any facts showing that Mr. Ghaneh acted in any fashion outside his role as a managerial employee, officer and/or director of AC Square, Inc. Moreover, as the alleged conspiracy allegations against Mr. Ghaneh claim he acted with the other Defendants to "deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA", such acts could only be done by and through his agency with AC Square, Inc. Plaintiff has not alleged Mr. Ghaneh did any act unrelated to his position with AC Square, Inc. or violated any duty owed by him to Plaintiff. Thus, even if Plaintiff is able to show Mr. Ghaneh had some involvement with AC Square, Inc.'s failure to pay its employees overtime under the FLSA, he cannot sustain his second cause of action against Mr. Ghaneh as a matter of law. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087.

  c. **PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW COMCAST, INC. DID ANY ACT SUFFICIENT TO SUSTAIN HIS CAUSE OF ACTION FOR CONSPIRACY**

A conspiracy claim cannot be based on a contract cause of action. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005). Because claims for overtime wages are contract causes of action, they cannot support a conspiracy claim. See *Hays v. Bank of America*, 71 Cal. App. 2d 301, 305 (1945) (applying the FLSA and stating "federal cases have definitely determined that claims for

13.

such overtime wages ... are not ex delicto or founded on tort, but on the contrary that they sound in contract."). Absent a duty separate and apart from a contractual obligation, no conspiracy cause of action can be maintained. See *Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) (stating, "the doctrine of conspiracy does not impose liability on persons who owe *no duty* to a plaintiff or who are otherwise immune from liability.").

Plaintiff has failed to allege Comcast, Inc. owed any duty to Plaintiff which, if breached, would support his conspiracy cause of action. The only causes of action in the Fourth Complaint are for alleged violations of the FLSA. As such, the Complaint only contains contract causes of action against the Defendants, including Comcast, Inc. and therefore cannot support a claim for conspiracy. Moreover, as Plaintiff has failed to allege any facts showing Comcast, Inc. owed any duty to Plaintiff whatsoever, Plaintiff cannot amend the Complaint to state any facts sufficient to sustain any claim against Comcast, Inc.

Plaintiff's failure to allege facts showing the predicate requirement of two or more persons conspired to violate the FLSA precludes him from maintaining this cause of action as a matter of law and it must be dismissed.

## V. CONCLUSION

For the above stated reasons, Andrew Bahmanyar respectfully requests this Court grant the this Motion and enter an order as follows:

1. Plaintiff first cause of action for "Violation of the Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of action against defendant Afshin Ghaneh;

2. Plaintiff second cause of action for "Conspiracy to Violate the Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of action against defendant Afshin Ghaneh.

1 | Dated: August 6, 2008

```
                                        _____
                                        RONALD A. PETERS
                                        BENJAMIN EMMERT
                                        LITTLER MENDELSON
                                        A Professional Corporation
                                        Attorneys for Defendants
                                        AC SQUARE INC., AFSHIN GHANEH,
                                        AND ANDREW BAHMANYAR
```

Firmwide:85784789.1 047098.1008