1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA  95113.2303
   Telephone:  408.998.4150
5  Facsimile:   408.288.5686
   E-Mail: rpeters@littler.com
6          bemmert@littler.com

7  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
8  ANDREW BAHMANYAR

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                       SAN FRANCISCO DIVISION
12

13  DANIEL KEATING-TRAYNOR on          | Case No.  CV-08-2907-MHP
    behalf of himself and all others similarly |
14  situated;                          | **DEFENDANT AC SQUARE, INC., AFSHIN GHANEH, AND ANDREW BAHMANYAR'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION FROM COMPLAINT, CASE NUMBER CV-08-2907-MHP**
15              Plaintiffs,            |
16       v.                            |
17  AC SQUARE INC.; COMCAST INC.;      |
    AFSHIN GHANEH; ANDREW              |
18  BAHMANYAR; AND DOES 1-60           |
    INCLUSIVE;                         | FRCP Rule 12(b)(6)
19              Defendants.            |
                                       | Date:  August 25, 2008
20                                     | Time:  2:00 p.m.
                                       | Courtroom: 15
21                                     | Judge: Honorable Marilyn H. Patel

**TABLE OF CONTENTS**

PAGE

I.   INTRODUCTION ........................................................................................................1

II.  LEGAL ARGUMENT ................................................................................................1

     A.   PLAINTIFF'S FOURTH COMPLAINT AND THE FIRST AMENDED
          FOURTH COMPLAINT ARE BARRED BY THE STATUTE OF
          LIMITATIONS ................................................................................................2

     B.   PLAINTIFF DID NOT COMMENCE THIS FLSA ACTION WITHIN THE
          STATUTE OF LIMITATIONS........................................................................3

     C.   PLAINTIFF'S CLAIM THAT THE STATUTE OF LIMITATIONS HAS
          NOT RUN PURSUANT TO THE RELATION BACK DOCTRINE IS
          WITHOUT MERIT ..........................................................................................6

     D.   PLAINTIFF'S CONTENTION THAT THE FOURTH COMPLAINT
          AND/OR THE AMENDED FOURTH COMPLAINT ARE NOT BARRED
          BY THE STATUTE OF LIMITATIONS PURSUANT TO THE
          EQUITABLE TOLLING DOCTRINE IS WITHOUT MERIT.......................8

III. CONCLUSION .........................................................................................................10

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

# TABLE OF AUTHORITIES

**PAGE**

### CASES

*Burrell v. La Follette Coach Lines*, 97 F. Supp. 297 (E.D. Tenn. 1951) .......................................... 4, 5

*Drabkin v. Gibb & Hill, Inc.*, 74 F. Supp. 758 (S.D.N.Y. 1947) .......................................................... 5

*Dupree v. Jefferson*, 666 F.2d 606, 610-11 (C.A.D.C. 1981) ............................................................ 9

*Felty v. Graves-Humphreys, Co.*, 785 F.2d 516 (4th Cir. 1986) ........................................................ 9

*Hoffmann-La Roche Inc. v. Sperling*, 110 S.Ct. 482 (1989) .............................................................. 6

*Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) ............................ 2

*In re Cases Filed by DirectTV, Inc.*, 344 F. Supp. 2d 647, 651 (D. Ariz. 2004) ................................. 7

*Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) ................................................................. 9

*O'Connell v. Champion International Corp.*, 812 F.2d 393, 394 (8th Cir. 1987) .............................. 7

*Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 311 (S.D.W.Va. 1986) .................................. 8, 9

*Partlow v. Jewish Orphan's Home of Southern California, Inc.*, 645 F.2d 757, 760
   (9th Cir. 1981) ................................................................................................................................ 6

*Silverton v. Valley Transit Cement Co., Inc.*, 140 F. Supp. 709, 710 (S.D. Cal. 1955) .................... 4

*Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) .................................................................. 6

*Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ....................................................................... 9

### STATUTES

29 U.S.C. § 201 et seq. .......................................................................................................................... 3

29 U.S.C. § 255(a) .................................................................................................................................. 2

29 U.S.C. § 256 (2008) ..................................................................................................................... 3, 8

Cal. Lab. Code § 201 (West 2008) ........................................................................................................ 2

Fed. Rule Civ. Proc., Rule 15(c) ............................................................................................................ 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

## I. INTRODUCTION

Come now Defendants AC Square, Inc., Afshin Ghaneh and Andrew Bahmanyar (hereinafter collectively referred to as "Defendants"[1]) and submit the following Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint alleging two causes of action for alleged violation of the federal Fair Labor Standards Act (hereinafter referred to as "Plaintiff's Opposition."). For the reasons more completely explained within, Defendants' motion must be granted as Plaintiff has failed to show that his action is not barred by the applicable statute of limitations. Specifically, Plaintiff has still failed to show that he commenced this action within the meaning of 29 U.S.C. section 256 within the appropriate two or three years statute of limitations specified in 29 U.S.C. section 255. He has also failed to show that the relation back doctrine and/or the equitable tolling doctrine are applicable to save this time barred complaint. Thus, for the reasons stated in the moving papers and in this opposition, Defendants respectfully request that this Court grant this motion and dismiss the first and second causes of action for alleged violations of the Fair Labor Standards Act (hereinafter referred to as "FLSA") as they are barred by the statute of limitations.

## II. LEGAL ARGUMENT

On August 4, 2008, Plaintiff filed his opposition and a First Amended Complaint for Damages for Violation of Fair Labor Standards Act (hereinafter referred to as "First Amended Fourth Complaint"). However, neither document addresses the fundamental and fatal flaw in this action. Specifically, neither Plaintiff's Opposition or the First Amended Fourth Complaint allege any facts showing Plaintiff worked for AC Square, Inc. within the applicable statute of limitations and/or that any claims for alleged violation of the FLSA are not time barred as stated in 29 U.S.C. section 255.

Plaintiff's Opposition claims, without citation to any authority whatsoever, that the statute of limitations has not run in this action by virtue of the equitable tolling doctrine and/or the relation back doctrine. Plaintiff's Opposition, p. 2:11-18. However, as demonstrated below, neither

---

[1] As Plaintiff has opposed each defendants' motion to dismiss in a single opposition, Defendants collectively submit this reply to Plaintiff's opposition.

1.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Reply to Opposition to Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. 08-CV-2907-MHP

the equitable tolling doctrine, the relation back doctrine or any other legal or equable principle supports a finding that his FLSA claims are not barred.

### A. PLAINTIFF'S FOURTH COMPLAINT AND THE FIRST AMENDED FOURTH COMPLAINT ARE BARRED BY THE STATUTE OF LIMITATIONS

As shown in the moving papers, and not contested by Plaintiff in his opposition, the statute of limitations for an FLSA action is two years. See 29 U.S.C. § 255(a). The statute of limitations for an alleged violation of the FLSA is extended to three years only if the employer's violation is willful. *Id.* Moreover, and also shown in the moving papers, "[t]he limitations period for an action under the FLSA begins to run at the time the employer breaches his duties under the Act..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000).

In this action, the statute of limitations began to run on Plaintiff's FLSA claim at the time he stopped working for AC Square, Inc. As Plaintiff has admitted, he last worked for AC Square, Inc. on "about May 2, 2005", and he has not alleged any new or different facts in his First Amended Fourth Complaint, this is the date Plaintiff's cause of action for violation of the FLSA began to run. See Cal. Lab. Code § 201 (West 2008).[2] Plaintiff was therefore required to commence any FLSA action by no later than May 2, 2007 or May 2, 2008 at the absolute latest. Because Plaintiff did not file the Fourth Complaint until June 11, 2008, and has still not "commenced" this action within the meaning of 29 U.S.C. section 256, his FLSA causes of action in this lawsuit are barred by the statute of limitations, whether this Court applies the two or three year limitations period.

---

[2] California Labor Code section 201 states, in pertinent part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a) (West 2008). Plaintiff's FLSA claim is seemingly based on his allegations that he worked in excess of 40 hours a week for Defendant but was not paid all overtime compensation to which he was entitled. Because Plaintiff claims he was terminated by AC Square, Inc. on "about May 2, 2005", Defendants, even if obligated to pay Plaintiff anything, would be obligated to pay Plaintiff all "wages [allegedly] earned and unpaid" on the date he was terminated, May 2, 2005 under California Labor Code section 201. Because Plaintiff claims that he was not paid all wages allegedly earned at the time he was terminated, Defendant's breach of the FLSA's overtime provisions (i.e. its "breaches of [its] duties under the act") accrued at that time. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000). Thus, Plaintiff's claim for violation of the FLSA accrued as of May 2, 2005 and Plaintiff was required to file his FLSA complaint within two or three years of this date. Plaintiff cites no authority for his argument that this second cause of action extends this filing period.

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

B.  **PLAINTIFF DID NOT COMMENCE THIS FLSA ACTION WITHIN THE STATUTE OF LIMITATIONS**

Plaintiff's Opposition and his First Amended Fourth Complaint, to the extent that they respond at all to Defendants' Motions to Dismiss, seemingly rely on his misguided belief that the filing of his Second Complaint on June 29, 2007 and/or his First Complaint on July 7, 2006 save the Fourth Complaint from the statute of limitations bar by invoking the equitable tolling doctrine and/or relation back principles. Defendants points out below that neither equitable tolling, the relation back or any other equitable principles are applicable in this action. However, as a threshold matter, Defendants point out that Plaintiff has still not effectively "commenced" this FLSA action against any of the Defendants for the purposes of the statute of limitations as the Fourth Complaint and/or the First Amended Fourth Complaint are currently framed and filed with the Court.

29 U.S.C. section 256 provides the procedural process by which an FLSA action must be instituted and specifically defines when such actions are "commenced" for the purpose of the statute of limitations. This section states, in pertinent part:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.].... shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended....it shall be considered to be commenced in the case of any individual claimant -
>
> (a)   on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b)   if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (2008).

Plaintiff unquestionably filed both the Fourth Complaint and the First Amended Fourth Complaint as class actions. Thus, in order for this FLSA action to be "commenced" for the purposes of the FLSA's express statute of limitations, as specifically stated in 29 U.S.C. section 256, Plaintiff must be specifically named as a party plaintiff "**and his written consent to become a party**

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998.4150

**plaintiff**" must be filed with this Court. *Id.* (emphasis added).

While Plaintiff is specifically named in the Fourth Complaint and in the Amended Fourth Complaint as a party plaintiff, nowhere in either of these two documents does Plaintiff's "written consent to become a party plaintiff" appear. Moreover, according to the Court's docket, Plaintiff has not filed the required written consent with this Court. Rather, the only person who has signed either of these two complaints is Plaintiff's counsel. Because the statute specifically requires the named plaintiff file a written consent, Plaintiff counsel's signature on the Fourth Complaint and the Amended Fourth Complaint is ineffective to satisfy this prerequisite for commencing an action. See *Silverton v. Valley Transit Cement Co., Inc.*, 140 F. Supp. 709, 710 (S.D. Cal. 1955).[3]

The action *Burrell v. La Follette Coach Lines*, 97 F. Supp. 297 (E.D. Tenn. 1951) is illustrative and conclusive of Defendants' position. The complaint in *Burrell* was filed on behalf of 32 named plaintiffs and all other similarly situated employees of defendant. *Id.* at 281. The complaint was signed by the plaintiffs' attorney and one of the named plaintiffs filed a written consent. *Id.* The defendant moved to dismiss the complaint on the grounds that it was barred by the statue of limitations as stated in 29 U.S.C. section 255 because the written consents were not filed on behalf of the other named plaintiffs. *Id.* In opposition to the motion, the plaintiffs claimed the complaint was filed within the statute of limitations and the failure of the named plaintiffs to file the written consents within the statute of limitations was superfluous as one of the plaintiffs did file a written consent and that all plaintiffs had entered into a written contract with the attorney consenting to the representation. *Id.* at 282. Moreover, the plaintiffs claimed that they could file the written consents after the statute of limitations had run and such filing would remedy the problem as the consents would relate back to when the complaint was filed. The court rejected the plaintiffs' arguments.

///

---

[3] *Silverton v. Valley Transit Cement Co., Inc.*, 140 F. Supp. 709 was an FLSA action brought by a union on behalf of its members. The court dismissed the action as it was not commenced by the aggrieved individuals stating, "[T]he Fair Labor Standards Act, under which the jurisdiction of this Court is invoked .... does not authorize the action to be brought by an assignee or 'an agent or representative,' but only by 'one or more employees for and in behalf of himself or themselves and other employees similarly situated.'...[T]he act provides that: 'No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Id.* at 710.

4.

The issue before the court was whether filing the written consents was necessary to commence an action under 29 U.S.C. section 256. *Id.* The court held that it was. *Burrell, supra,* 97 F. Supp. at 283. The court reviewed the express language of 29 U.S.C. section 256 and noted that written consent was a necessary prerequisite for a FLSA complaint that contains class action allegations. *Id.* at 282. Specifically, the court stated:

> It is insisted on behalf of the named plaintiffs that had 32 separate complaints been filed, one for each named plaintiff, there would have been no necessity for the filing of the written consents. It is argued that there is no difference in principle between the filing of one complaint on behalf of 32 named plaintiffs and the filing of 32 separate complaints. It is not necessary to decide whether the argument is sound for Section 256 establishes a different fact.
> ...
> Section 256 uses the language 'except that in the case of a collective or class action....' It provides that in the case of a collective action, suit 'shall be considered to be commenced in the case of any individual claimant –
> '(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint [and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought].
> ...
> **The filing of the complaint alone is not a sufficient commencement of action to stop the running of the statute of limitations set out in Section 255.**
> ....
> If 'such written consent was not so filed' by a named plaintiff at the time of the filing of the complaint, the action is commenced as to him on the subsequent date on which his written consent is filed.

*Id.* at 282-83. (emphasis added).

The court went on to state, "Thus, read in its entirety, Section 256 recognizes a collective action as something different from a class or representative action, but requires the filing of written consents in both." *Id.* at 283. The court concluded that because the written consents were not filed on behalf of the named plaintiffs within the statute of limitations, the FLSA action was barred, regardless of when the complaint was filed and even if the complaint itself was timely filed. *Id.*

The court in *Drabkin v. Gibb & Hill, Inc.*, 74 F. Supp. 758 (S.D.N.Y. 1947) reached the same conclusion on facts identical to this action. *Drabkin* involved an action by nine named plaintiffs against their employer for alleged violations of the FLSA. *Id.* at 759. "No one of the nine plaintiffs filed a written consent to become a party to the action at the time the complaint was

5.

filed...nor has any such consent been filed since that date" *Id.* The defendant contended plaintiffs' FLSA claims were barred by the statute of limitations because the action is a collective or class action and any plaintiff "specifically named as such, in addition to filing the complaint, was also required to file a written consent to become a party plaintiff, before the action may be considered 'commenced.'" *Id.* The defendant concluded that, because the written consents were not filed before the expiration of the statute of limitations, their FLSA claims are forever barred. *Id.* The court agreed with the defendant and held the FLSA claims of the plaintiffs who did not file their written consents as required by the statute prior to the running of the statute of limitations were barred and dismissed their action. *Id.* at 762-63. See also, *Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (stating, "In a 'collective action' like the case at bar, the action is deemed to be commenced with respect to any individual claimant on the date when the complaint naming him has a party plaintiff and his written consent to join the suit are filed with the court.").

Plaintiff has not filed a "written consent to become a party plaintiff" in this Court either as part of the Fourth Complaint, the Amended Fourth Complaint, or as a separate and distinct document. Thus, while the statute of limitations was barred at the time the Fourth Complaint was filed, Plaintiff's FLSA claims are ever more removed from the termination of the statute of limitations as he has still not filed the written consents necessary to commence this action. See *Partlow v. Jewish Orphan's Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) (abrogated on other grounds in *Hoffmann-La Roche Inc. v. Sperling*, 110 S.Ct. 482 (1989)) (stating, "The FLSA statute of limitations continues to run until a valid consent is filed."). Thus, because Plaintiff's Fourth Complaint was filed after the expiration of the statute of limitations and he has not filed his written consent, this motion must be granted and Plaintiff's Fourth Complaint and/or the Amended Fourth Complaint must be dismissed.

### C. PLAINTIFF'S CLAIM THAT THE STATUTE OF LIMITATIONS HAS NOT RUN PURSUANT TO THE RELATION BACK DOCTRINE IS WITHOUT MERIT

Plaintiff's argument that "First Amended Complaint also shows that its claims relate back at least to June 29, 2007 (when the lawsuit was filed in the San Mateo Superior Court as a class action) and in fact to the lawsuit filed in San Mateo Superior Court on July 7, 2006" is without merit.

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

See Plaintiff's Opposition, p. 2:14-15. Federal Rule of Civil Procedure, Rule 15(c), entitled "Relation Back of Amendments", applies only to amendments of a pleading already filed. Fed. Rule Civ. Proc., Rule 15(c). It does not apply to completely new or different complaints. See *In re Cases Filed by DirectTV, Inc.*, 344 F. Supp. 2d 647, 651 (D. Ariz. 2004). The plaintiff in DirectTV filed an action against several defendants that was dismissed by the trial court. *Id.* at 649. The plaintiff then filed a new and separate action against the defendants. *Id.* The defendants moved to dismiss the second complaint on the grounds it was barred by the statute of limitations. *Id.* The plaintiff opposed the motion contending "the filing date for the [current] complaint relates back to the date of the complaint originally filed against defendants." *Id.* at 651. The court rejected the plaintiff's relation back argument stating:

> Without citation to any controlling authority, plaintiff alleges that "[a]s a matter of law, the filing date for this complaint relates back to the filing date of the original complaint." "Relation back" is governed by Rule 15(c), Federal Rule of Civil Procedure, which provides that, in some circumstances, an amended pleading may relate back for purposes of the statute of limitation to the time when the original pleading was filed. Here the court does not have an amended complaint before it.

*Id.* at 651.

Thus, while the First Amended Fourth Complaint might relate back to the filing of the Fourth Complaint, the Fourth Complaint and the First Amended Fourth Complaint do not relate back to any of Plaintiff's other complaints and Plaintiff has presented no authority to the contrary.

Like the *DirectTV* court, the court in *O'Connell v. Champion International Corp.*, 812 F.2d 393, 394 (8th Cir. 1987) held the relation back doctrine is not applicable in an action governed by 29 U.S.C. section 256. The plaintiffs in *O'Connell* filed an action against the defendant asserting causes of action for alleged violations of the Age Discrimination in Employment Act (hereinafter referred to as "ADEA"). *Id.* at 394. When the court dismissed their complaint based on the statute of limitations, the plaintiffs appealed arguing the claims raised in the complaint "should relate back to the time of the filing of an earlier action." *Id.* The court rejected this argument finding that 29 U.S.C. section 256 applies to both FLSA actions and ADEA actions. *Id.* It affirmed the trial courts rejection of the plaintiffs' relation back argument and stated:

///

7.

> The District Court held, and we agree, that the relation-back doctrine must yield in ADEA cases to the specific provisions of 29 U.S.C. § 256 that an action may be commenced only by the filing of a complaint by a named individual, or by his affirmatively opting into a previously commenced class action. *Id.*

As a result, the plaintiffs were unable to claim the benefit of the filing of an earlier complaint and their action was barred by the statute of limitations.

Like the plaintiffs in *DirectTV* and *O'Connell*, Plaintiff has cited no authority supporting his claim that the allegations in the Fourth Complaint and/or the Amended Fourth Complaint should relate back to this filing of an earlier complaint. In fact, the plain language of 29 U.S.C. section 256 and Federal Rule of Civil Procedure, Rule 15(c) shows that this is not allowed. The relation back doctrine applies to amended pleadings and not to entirely new and different complaints.

Moreover, any potential relation back argument must "yield" to the specific provisions of 29 U.S.C. section 256. As stated in *O'Connell*, Plaintiff's argument in this regard is without merit. "Commencement" of Plaintiff's FLSA claims is contingent on his filing a complaint and a written consent. See 29 U.S.C. § 256. Plaintiff's Fourth Complaint was filed on June 10, 2008. However, to the extent Plaintiff has not "commenced" this class action by filing a written consent, the statute of limitations continues to run. "The courts are in agreement that such [written] consents do not relate back to the date the original complaint was filed." See *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 311 (S.D.W.Va. 1986). Plaintiff is not entitled to claim the benefit of the relation back doctrine for filing the written consent and he is clearly not entitled to claim the benefit of the relation back doctrine to an entirely separate and distinct action.

D. **PLAINTIFF'S CONTENTION THAT THE FOURTH COMPLAINT AND/OR THE AMENDED FOURTH COMPLAINT ARE NOT BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO THE EQUITABLE TOLLING DOCTRINE IS WITHOUT MERIT**

Plaintiff's argument that the statute of limitations for the Fourth Complaint and/or the First Amended Fourth Complaint "is equitably tolled by Defendants' knowledge of the allegations that form the core of this action, and Plaintiff's intend (sic) to bring legal action as a result, as early

8.

as July 7, 2006" does not save his action from dismissal. See Plaintiff's Opposition, p. 2:10-14. Like Plaintiff's failure to produce any authority supporting his position that the Fourth Complaint and/or the Amended Fourth Complaint relate back to an earlier complaint, Plaintiff has presented no authority supporting his claim that the statute of limitations is equitably tolled in this action by the filing of the prior complaints. Moreover, the authority discussing the equitable tolling doctrine shows that it is not.

"[T]he emphasis in considering equitable tolling is on the Plaintiff. 'Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act.'" *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312 (S.D.W.Va. 1986) (citing *Felty v. Graves-Humphreys, Co.*, 785 F.2d 516 (4th Cir. 1986). Equitable tolling applies when the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. See *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Equitable tolling is to be granted sparingly, limited to those situations where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). However, the statute of limitations is not tolled during the time an action which is voluntarily dismissed was pending. *Dupree v. Jefferson*, 666 F.2d 606, 610-11 (C.A.D.C. 1981). Plaintiffs' Opposition and his Amended Fourth Complaint do not contain any facts, arguments or allegations showing he is entitled to claim the benefit of equitable tolling doctrine and he has not presented any authority supporting his position.

Plaintiff clearly has not actively pursued his FLSA claim prior to filing the Third or Fourth Complaint. Plaintiff has never previously alleged a FLSA cause of action and has not filed a written consent required for a FLSA class action lawsuit. Therefore Plaintiff has never actively pursued such a claim prior to his Third or Fourth Complaints. Moreover, Plaintiff has not alleged any facts whatsoever that he was prevented from asserting this claim by Defendants' wrongful conduct or for any other reason. Moreover, Plaintiff has not alleged any facts showing there are any extraordinary circumstances justifying the application of this doctrine. Finally, Plaintiff's argument

9.

that the statute of limitations should be equitably tolled during the time his Original Complaint was filed, is completely contrary to the authority directly on point. *Id.* Plaintiff has presented no authority to the contrary. Therefore, this Court should disregard Plaintiff's claim that his FLSA causes of action are equitably tolled by the filing of his prior actions and find that these claims are barred by the statute of limitations.

### III. CONCLUSION

29 U.S.C. section 255 states a cause of action for an alleged violation of the FLSA "shall be forever barred" if not brought within the appropriate statute of limitations. Plaintiff did not bring his FLSA causes of action within the required two or three years from the date they accrued. Thus, these causes of action are forever barred as to him.

For the above stated reasons, and the reasons stated in the moving papers, Defendants respectfully request this Court grant this motion and enter an order as follows:

1. Plaintiffs' first cause of action for "Violation of the Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of action against Defendants;

2. Plaintiffs' second cause of action for "Conspiracy to Violate the Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of action against Defendants.

Dated: August 11, 2008

RONALD A. PETERS
BENJAMIN EMMERT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AC SQUARE INC., AFSHIN GHANEH, AND ANDREW BAHMANYAR

Firmwide:86166672.1 047098.1008

10.