```
 1  MORGAN, LEWIS & BOCKIUS LLP
    DARYL S. LANDY, SBN. 136288
 2  2 Palo Alto Square
    3000 El Camino Real, Suite 700
 3  Palo Alto, CA  94306-2122
    Tel:  650.843.4000
 4  Fax:  650.843.4001
    E-mail:  dlandy@MorganLewis.com
 5
    MORGAN, LEWIS & BOCKIUS LLP
 6  ANN MARIE REDING, SBN 226864
    One Market Street, Spear Street Tower
 7  San Francisco, California  94105-1126
    Tel:  415.442.1000
 8  Fax:  415.442.1001
    E-mail: areding@MorganLewis.com
 9
    Attorneys for Defendant
10  COMCAST INC.
11
                        UNITED STATES DISTRICT COURT
12
                       NORTHERN DISTRICT OF CALIFORNIA
13
                           SAN FRANCISCO DIVISION
14
15
16  DANIEL KEATING-TRAYNOR on           Case No. CV-08-2907-MHP
    behalf of himself and all others similarly
17  situated;                           DEFENDANT COMCAST INC.'S
                                        MEMORANDUM OF POINTS AND
18               Plaintiffs,            AUTHORITIES IN SUPPORT OF ITS
                                        MOTION TO DISMISS PLAINTIFF'S
19        vs.                           FIRST AMENDED COMPLAINT
20  AC SQUARE INC.; COMCAST INC.;       FRCP RULE 12(B)(6)
    AFSHIN GHANEH; ANDREW
21  BAHMANYAR; AND DOES 1-60            Date:     September 15, 2008
    INCLUSIVE;                          Time:     2:00 p.m.
22                                      Courtroom: 15
                 Defendants.            Judge:    Honorable Marilyn H. Patel
23
24
25
26
27
28  DB1/61968879.3                                   Case No. CV-08-2907-MHP
                                                     DEFENDANT COMCAST'S
                                                     MPA ISO MOTION TO DISMISS
```

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT.

On June 11, 2008, Plaintiff Daniel Keating-Traynor ("Plaintiff") filed his original complaint in this putative wage and hour class action in the above-referenced Court alleging two claims against Defendant Comcast Inc. ("Defendant" or "Comcast"): (1) Violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq*. ("FLSA") and (2) Conspiracy to Violate the FLSA. On August 4, 2008, Plaintiff filed his First Amended Complaint ("FAC"), alleging the same two causes of action against Comcast. According to Plaintiff's allegations ("FAC"), he was employed as a technician for defendant AC Square, Inc., a company which employs technicians that install, disconnect, and upgrade cable television, computer and other electronic services to consumers who use Comcast's services and equipment. (FAC ¶2.) Plaintiff further alleges that Comcast was his "joint employer." (FAC ¶3.)[1] In addition, Plaintiff alleges that his employment was terminated on May 2, 2005. (Request for Judicial Notice filed herewith, Ex. A, ¶13.)

Comcast seeks to dismiss Plaintiff's claims because they are barred by the FLSA's maximum three-year statute of limitations. Accordingly, because both claims against Comcast fail to state a claim upon which relief can be granted, Plaintiff's case must be dismissed in its entirety without leave to amend.

## II. THE STANDARD FOR GRANTING A MOTION TO DISMISS.

Part or all of a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper where the complaint's allegations, even if taken as true, would not entitle the plaintiff to recover as a matter of law. *Jacobs v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Here, as discussed below, Plaintiff's claims should be dismissed because they are defective on the face of the Complaint. Plaintiff's class action allegations for these claims should also be dismissed, because he has no standing to bring these claims on behalf of a class. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims

---

[1] Comcast strongly disputes this allegation and reserves all of its rights to assert that it never was Plaintiff's employer.

themselves cannot represent a class who may have claims).

### III. PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF THE FLSA IS TIME-BARRED.

In his First Claim, Plaintiff purports to state a claim for violation of the FLSA. (FAC ¶¶15-18.) Under the FLSA, an action to recover unpaid overtime compensation is barred unless commenced within two years after the cause of action accrues, except where the violation of the Act was "willful," in which case the action may be commenced within three years. 29 U.S.C. § 255. Under the FLSA, a cause of action for unpaid wages accrues each payday on which the wages due to an employee were not paid. *Bazemore v. Friday*, 478 U.S. 385, 395-96 (1986); *Biggs v.* Wilson, 1 F.3d 1537, 1540 (9th Cir. 1993).

In his original Complaint filed against defendant AC Square, Inc., Plaintiff alleged that his employment terminated on May 2, 2005. (Request for Judicial Notice filed herewith, Ex. A, ¶13.)[2] Plaintiff did not file the instant lawsuit against Comcast until June 11, 2008, over three years after his termination. Accordingly, Plaintiff did not, and cannot, plead facts sufficient to state a claim for violation of FLSA because his claim is barred by the both the two-year and three-year statutes of limitations. Therefore, Plaintiff's First Claim for violation of the FLSA should be dismissed.

### IV. PLAINTIFF'S SECOND CLAIM FOR CONSPIRACY TO VIOLATE THE FLSA IS ALSO TIME-BARRED.

In his Second Claim, Plaintiff purports to state a claim for conspiracy to violate the FLSA. (FAC ¶¶ 19-20.) The applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying claim. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (where fraud claim barred by applicable three-year statute of limitation, civil conspiracy claim based on fraud did not constitute actionable claim); *Risk v. Kingdom of Norway*, 707 F. Supp. 1159, 1170, n. 13 (N.D. Cal. 1989)(noting that liability is based on underlying tort committed in furtherance of conspiracy and applicable statute of limitations is that of underlying

---

[2] Admissions in the pleadings are generally binding on the parties and the Court *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

tort); *Maheu v. CBS, Inc.,* 201 Cal. App. 3d 662, 673 (1988) (in "an action based on civil conspiracy, the applicable statute of limitations is determined by the nature of the action in which the conspiracy is alleged"). Accordingly, the statute of limitations for Plaintiff's Second Claim for Conspiracy to Violate the FLSA is the same as the maximum three-year statute of limitations for his First Claim for Violation of the FLSA. Therefore, like the First Claim for violation of the FLSA above, Plaintiff's Second Claim is time-barred and must be dismissed.

### V. ANY CLASS ALLEGATIONS BASED UPON PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED.

Because Plaintiff cannot individually bring his First Claim for Violation of the FLSA or his Second Claim for Conspiracy to Violate the FLSA, as addressed above, he cannot represent a class who may have such claims. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims themselves cannot represent a class who may have claims); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (same). Thus, the Court should dismiss not only Plaintiff's individual claims, but also dismiss these claims brought on behalf of the putative class.

### VI. CONCLUSION

For all the foregoing reasons, this Court should dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend.

                             MORGAN, LEWIS & BOCKIUS LLP
                             DARYL S. LANDY
                             ANN MARIE REDING


Dated: August 11, 2008       By    /s/ Ann Marie Reding
                                Daryl S. Landy
                                Ann Marie Reding
                                Attorneys for Defendant
                                COMCAST INC.