| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | DARYL S. LANDY, SBN. 136288 |
| 2 | 2 Palo Alto Square |
| | 3000 El Camino Real, Suite 700 |
| 3 | Palo Alto, CA 94306-2122 |
| | Tel: 650.843.4000 |
| 4 | Fax: 650.843.4001 |
| | E-mail: dlandy@MorganLewis.com |
| 5 | |
| | MORGAN, LEWIS & BOCKIUS LLP |
| 6 | ANN MARIE REDING, SBN 226864 |
| | One Market Street, Spear Street Tower |
| 7 | San Francisco, California 94105-1126 |
| | Tel: 415.442.1000 |
| 8 | Fax: 415.442.1001 |
| | E-mail: areding@MorganLewis.com |
| 9 | |
| | Attorneys for Defendant |
| 10 | COMCAST INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 16 | DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated; | Case No. CV-08-2907-MHP |
| 17 | | |
| 18 | Plaintiffs, | **DEFENDANT COMCAST INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 19 | vs. | |
| 20 | AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE; | **FRCP RULE 12(B)(6)** |
| 21 | | Date: September 15, 2008 |
| 22 | | Time: 2:00 p.m. |
| | | Courtroom: 15 |
| 23 | Defendants. | Judge: Honorable Marilyn H. Patel |

25    In accordance with the Federal Rule of Evidence 201, Defendant Comcast Inc.

26 ("Defendant" or "Comcast") respectfully requests that this Court take judicial notice of each of

27 the exhibits accompanying this Request for Judicial Notice.

28 ///

---

DB2/20782427.4     1     Case No. CV-08-2907-MHP
DEFENDANT COMCAST'S
REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, Defendant asks this Court to take judicial notice of the following exhibit:

1.   Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of the Complaint in Daniel Joseph Keating-Traynor v. AC Square, Inc., Case No. CIV 456118, filed in the Superior Court of the State of California, County of San Mateo, on July 7, 2006.

                                      MORGAN, LEWIS & BOCKIUS LLP
                                      DARYL S. LANDY
                                      ANN MARIE REDING

Dated: August 11, 2008                  By   /s/ Ann Marie Reding
                                                        Daryl S. Landy
                                                          Ann Marie Reding
                                                          Attorneys for Defendant
                                                          COMCAST INC.

# EXHIBIT A

BRUCE R. BERNSTEIN (SB# 104230)
LAW OFFICES OF BRUCE R. BERNSTEIN
2670 Leavenworth Street
San Francisco, CA 94133
Tel:  (415) 474-1805
Fax:  (415) 474-1806

Attorneys for Plaintiff
DANIEL JOSEPH KEATING-TRAYNOR

ENDORSED FILED
SAN MATEO COUNTY

JUL 0 7 2006

Clerk of the Superior Court
By Jordan Maxwell
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

DANIEL JOSEPH KEATING-TRAYNOR,

    Plaintiff,

v.

AC SQUARE, INC., a California corporation, Does 1-20,

    Defendants.

Case No.: CIV 456118

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times mentioned in this Complaint was a California corporation, with the principal place of business located in Burlingame, San Mateo County, California.

2. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to amend this complaint to allege the true identities when ascertained.

3. Plaintiff is informed and believes and alleges that each of the defendants herein was at all relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the remaining defendants and acting within the course and scope of that relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise authorized the acts alleged herein to each of the remaining Defendants.

## STATEMENT OF FACTS

4.  Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.  Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.  However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.  Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.  Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.  Additionally, Defendant AC SQUARE, INC. improperly <u>deducted</u> the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10. Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

11. Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff. (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12. Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him. For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13. On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him. Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

### FIRST CAUSE OF ACTION
[Non-Payment of Wages]

14. Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15. Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16. In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005). Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17. Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

as wages violating Labor Code § 222.

18.  Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable attorney's fees and costs incurred in this action.

19.  Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date the wages were due and payable.

20.  The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

WHEREFORE, Plaintiff prays for judgment as hereinafter described.

### SECOND CAUSE OF ACTION
[Failure to Pay Overtime Wages]

21.  Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.

22.  During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid any wages for the time he worked in excess of eight hours.

23.  Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

24.  At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed to be paid at the rate of time and one-half for hours in excess of 40 in one week.

25.  Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that he should have received time and one-half for piece work in excess of 8 hours per day on as many as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed

1  and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference
2  between the amount of wages owed pursuant to the Wage Order and the amount actually paid to
3  Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the
4  amount owed.

5  26.  Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the
6  applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7  27.  Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable
8  attorney's fees and costs incurred by him in this action.

9  28.  Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay
10 periods Plaintiff was underpaid for a total of $350.00.

11 29.  The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was
12 owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an
13 employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time
14 they were due, whichever period is shorter.

15    WHEREFORE, Plaintiff prays for judgment as hereinafter described.

### THIRD CAUSE OF ACTION
[Violations of Labor Code § 2802]

30.  Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

31.  While employed in the customary business of Defendants AC SQUARE, INC. and in the direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff, including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial, all necessarily for conducting Defendant's business of cable television/computer installation. Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

32.  Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

1 | costs and attorney's fees in recovering said sums.

2 | WHEREFORE, Plaintiff prays for judgment as hereinafter described.

### FOURTH CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]

33. Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

34. Defendant retaliated against Plaintiff by terminating him because he demanded wages to which he is entitled from Defendant.

35. Such retaliation and discharge violates public policy of California according to Gould v. Maryland Sound Indust. Inc., (1996) 31 Cal.App.4th 1137, 1150 and Labor Code § 98.6. Demandng wages and reporting violations of wage law to management is a fundamental policy of this state. Id.

36. As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for such mental distress and aggravation, in an amount to be determined later, and special damages to be ascertained for the cost of treatment to relieve such injuries.

37. Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive damages in a sum to be ascertained.

38. Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

WHEREFORE, Plaintiff prays for judgment as hereinafter described.

### FIFTH CAUSE OF ACTION
### [Failure to Provide Personnel File, Copies and an Itemized Statement]

39. Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

40. On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant to Labor Code §§ 226(b), 432 and 1198.5.

41. Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in a sum to be ascertained;

2. For special damages, including compensatory damages for past lost wages, overtime pay, reimbursement of all improper deductions and chargebacks made, reimbursement for all expenses necessarily incurred by Plaintiff in the discharge of his duties for employer, in a sum to be ascertained;

3. For interest on the lost wages and overtime pay;

4. For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor Code § 203;

5.. For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00 and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

6. For attorney's fees in a sum to be ascertained pursuant to Labor Code §§ 218.5, 226(e), 1194 and 2802(c);

7. For exemplary or punitive damages;

8. For costs of suit herein incurred; and,

9. For such other further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

DATED: June 28, 2006

LAW OFFICES OF BRUCE R. BERNSTEIN

BY: _____
BRUCE R. BERNSTEIN
Attorneys for Plaintiff
DANIEL KEATING-TRAYNOR

---
7
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL