RONALD A. PETERS, Bar No. 169895
BENJAMIN A. EMMERT, Bar No. 212157
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

Attorneys for Defendants
AC SQUARE, INC., AFSHIN GHANEH,
ANDREW BAHMANYAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>AC SQUARE, INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1 THROUGH 60, inclusive,<br><br>              Defendants. | Case No. CV-08-2907-MHP<br><br>**DEFENDANT AC SQUARE, INC., AFSHIN GHANEH AND ANDREW BAHMANYAR'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FRCP RULE 11 & 28 U.S.C. 1927; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**FRCP, RULE 11; 28 U.S.C. § 1927**<br><br>**Date:   October 20, 2008**<br>**Time:   2:00 p.m.**<br>**Dept:   Courtroom 15**<br>**Honorable Marilyn Hall Patel** |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(No. CV 08 2907 MHP)
Firmwide:86528041.1 047098.1008

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. § 1927

# TABLE OF CONTENTS

PAGE

I.  PROCEDURAL REQUIREMENTS .................................................................2

    A.  THIS COURT HAS JURISDICTION TO HEAR AND RULE ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE, RULE 11 AND 28 U.S.C § 1927 ......................2

    B.  DEFENDANTS' MOTION IS TIMELY ............................................................2

    C.  DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR BRINGING THIS MOTION FOR ATTORNEY'S FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE, RULE 11 ..................3

    D.  DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR BRINGING A MOTION FOR ATTORNEY'S FEES UNDER LOCAL RULE 54-6(B) ....................................................4

II.  INTRODUCTION AND SUMMARY OF ARGUMENT ........................................4

III.  STATEMENT OF THE CASE .......................................................................6

    A.  PROCEDURAL HISTORY .........................................................................6

        1.  Plaintiff's First Complaint ..............................................................6

        2.  Plaintiff's Second Complaint...........................................................7

        3.  Plaintiff's Third Complaint ..............................................................7

        4.  Plaintiff's Fourth Complaint ............................................................8

    B.  STATEMENT OF ALLEGATIONS/FACTS ....................................................9

        1.  Statement of Allegations in Plaintiff's First Amended Complaint...................9

        2.  Statement of Facts ........................................................................9

IV.  LEGAL ANALYSIS .................................................................................12

    A.  APPLICABLE LEGAL STANDARDS FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE............................12

    B.  PLAINTIFF AND HIS ATTORNEY HAVE ENGAGED IN SANCTIONABLE CONDUCT UNDER FRCP RULE 11 .......................................14

        1.  The Imposition Of Sanctions Is Appropriate, Because A Reasonable Investigation Would Have Revealed That The Claims Pleaded In Plaintiff's Fourth Complaint Are Time-Barred ..............................................14

            a.  Plaintiff's First Cause of Action For The Violation Of The Fair Labor Standard Act ("FLSA") Is Barred By The Applicable Statutes Of Limitations ..............................................14

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(No. CV 08 2907 MHP)

i

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11

TABLE OF CONTENTS
(CONTINUED)

PAGE

b.      Plaintiff's Second Cause Of Action For Conspiracy To Violate
        The FLSA Is Barred By The Applicable Statutes Of
        Limitations..........................................................................................16

C.      PLAINTIFF AND HIS ATTORNEY HAVE ENGAGED IN
        SANCTIONABLE CONDUCT UNDER 28 U.S.C. § 1927......................17

D.      SANCTIONS ARE WARRANTED FOR COUNSEL'S MISCONDUCT...............19

V.   CONCLUSION ..............................................................................................19

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(No. CV 08 2907 MHP)

ii

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11

# TABLE OF AUTHORITIES

PAGE

## CASES

*American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ...................................15

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994) ...........................17

*Biggs v. Wilson*, 1 F.3rd 1537, 1540 (9th Cir. 1993)..............................................................18

*Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995) ...............................................17

*Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ..............................................13

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990) .........................................2, 12, 13, 19

*Estate of Gianna Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997)......................13

*Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (3d Cir. Pa. 1994)..........................................13

*General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) ....................17

*Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern Calif.*, 790 F.2d 1421, 1427 (9th Cir. 1986)...........................................................14

*Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) ...................14, 16

*In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 434 (9th Cir. 1996)..........................................................................14

*Johnson v. A.W. Chesterton*, 18 F.3d 1362 (7th Cir. 1993)..................................................19

*Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988) ....................................................16, 17

*McGuckin v. Smith*, 974 F.2nd 1050, 1052-53 (9th Cir. 1992)..............................................3

*Meyer v. California Int'l Chem. Co.*, 1998 U.S. App. LEXIS 31606 (9th Cir. 1998).......................12

*Mir v. Little Company of Mary Hospital* (9th Cir. 1988) 844 F.2d 646, 653 ...............................13

*Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960) ...................................15, 16

*Plante v. Fleet National Bank*, 978 F. Supp. 59, 69 (D.R.I. 1997)....................................13, 19

*Red Carpet Studios Division of Source Advantage, Ltd. v. Stater*, 465 F.3rd 642 .........................2

*Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) ....................................................17

*Salivary v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)........................................13

*Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994)..........................................................13

*Truesdell v. Southern California Permanent Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002).....................................................................19

*Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953).......................................14

*Van Berkel v. Fox Farm and Road Machinery*, 581 F. Supp 1248 (D.C. Minn. 1984) .........17, 18, 19

*Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997) ...............................................19

*WMX Technologies, Inc. v. Miller*, 104 F.3rd 1133 (9th Cit. 1997)........................................3

## STATUTES

29 U.S.C. § 255(a) .........................................................................................14

Cal. Labor Code § 201 ...................................................................................16

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

(NO. CV 08 2907 MHP)                iii.        DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008                 UNDER FRCP RULE 11

1

### TABLE OF AUTHORITIES
### (CONTINUED)

2

PAGE

3
Fed. R. Civ. P. 54(a) ................................................................................................................3

4
Fed. R. Civ. Pro. 11(c)(2) .......................................................................................................19

U.S.C.S. Fed Rules Civ. Proc. R. 11(a) .................................................................................12

5
U.S.C.S. Fed Rules Civ. Proc. R. 11(b)(1) ............................................................................12

6
U.S.C.S. Fed Rules Civ. Proc. R. 11(b)(2),(3) ...................................................................3, 13

7
U.S.C.S. Fed Rules Civ. Proc. R. 11(b),(c) ...........................................................................12

U.S.C.S. Fed Rules Civ. Proc. R. 11(c)(4) .............................................................................13

8

### OTHER AUTHORITIES

9
17 Schwarzer, et. al.; *Practice Guide: Federal Civil Procedure Before Trial, National
Edition*; § 17:61 (TRG 2007)................................................................................................12

10
Local Rule 54-6(a).....................................................................................................................3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

iv.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11

**TO PLAINTIFF DANIEL KEATING-TRAYNOR AND TO HIS ATTORNEY OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that on October 20, 2008 at 2:00 p.m., in Courtroom 15 of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants AC SQUARE, INC., AFSHIN GHANEH and ANDREW BAHMANYAR, (hereinafter collectively referred to as "Defendants") will move this Court for an Order granting monetary sanctions in the amount of $36,708.00 against Plaintiff, Plaintiff's counsel of record, Daniel Berko, and the Law Office of Daniel Berko as the reasonable attorney's fees and costs incurred by Defendants in defending against Plaintiff's unmeritorious Complaint and First Amended Complaint in case number CV-08-2907-MHP pursuant to Federal Rules of Civil Procedure, Rule 11 and 28 U.S.C § 1927.

This motion is made on the grounds that Plaintiff and his counsel filed the instant action for alleged violations of the federal Fair Labor Standards Act (hereinafter referred to as the "FLSA") on June 11, 2008 at a time when they both knew, or in the exercise of reasonable diligence should have known, that the claims raised in the Complaint and the First Amended Complaint were barred by the statute of limitations. The fact that Plaintiff and his counsel knew their FLSA causes of action were time barred is clearly shown not only by the fact that Plaintiff admitted he last worked for AC Square, Inc. on about May 2, 2005 in his first complaint filed against AC Square, Inc., but expressly testified under oath in his deposition that he did not work any overtime for AC Square, Inc. after April 23, 2005, he did not recall doing any specific work for AC Square, Inc. after May 3, 2005, and in no way, shape or form did any work for AC Square, Inc. after the end of May 2005. This motion is also based on the fact that Plaintiff and his counsel continued to prosecute their FLSA claims despite Defendants repeated requests that it be dismissed. Rather, they filed a First Amended Complaint that did nothing to address the statute of limitations bar but required Defendants to continue to defend this unmeritorious action. This motion is further based on the fact that this Court granted Defendants' motions to dismiss finding each cause of action was barred by the statute of limitations and Plaintiff could not amend the Complaint to cure the defect. This motion is also based on the fact that Plaintiff and his counsel did these acts at a time when they already had two other actions pending against AC Square, Inc. and one action against Mr. Afshin Ghaneh and Andrew

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

1.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    Bahmanyar.  Thus, it is clear that Plaintiff and his counsel had no legitimate purpose in filing  this

2    Complaint but filed it to harass Defendants, unreasonably and vexatiously multiply the litigation,

3    and unnecessarily increase the litigation costs.

4              This motion is based on this Notice of Motion and Motion, the attached

5    Memorandum of Points and Authorities, the accompanying Declaration of Benjamin A. Emmert

6    filed herewith, the complete files and records of this matter, and on any such evidence and argument

7    that the Court deems necessary at the hearing on this motion.

8                        **MEMORANDUM OF POINTS AND AUTHORITIES**

9    **I.**      **PROCEDURAL REQUIREMENTS**

10        **A.**    **THIS COURT HAS JURISDICTION TO HEAR AND RULE ON**
              **DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FEDERAL**
11            **RULE OF CIVIL PROCEDURE, RULE 11 AND 28 U.S.C § 1927**

12             As stated by the Supreme Court in *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384

13   (1990), "It is well established that a federal court may consider collateral issues after an action is no

14   longer pending." *Id.* at 395.  "[M]otions for costs or attorney's fees are 'independent proceeding[s]

15   [or collateral issues] supplemental to the original proceedings and not a request for a modification of

16   the original decree." *Id.*  The voluntary or involuntary dismissal of a complaint does not divest a

17   court of jurisdiction to consider and rule on a motion brought pursuant to Federal Rule of Civil

18   Procedure, Rule 11.  *Id.* at 399; see also *Red Carpet Studios Division of Source Advantage, Ltd. v.

19   Stater*, 465 F.3rd 642, 645 (citing *Cooter & Gell* and holding the dismissal of a complaint does not

20   divest the court of jurisdiction to hear and rule on a motion brought pursuant to 28 U.S.C. section

21   1927).  In fact, a "court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 [, Rule 11] or

22   pursuant to a court's inherent authority is ever present."  *Red Carpet Studios Division of Source

23   Advantage, Ltd., supra, at* 465 F.3rd 645. "Thus, even 'years after the entry of a judgment on the

24   merits' a federal court could consider an award of counsel fees." *Cooter & Gell, supra,* at 496 U.S.

25   at 395.

26        **B.**    **DEFENDANTS' MOTION IS TIMELY**

27             Northern District of California, Local Rule 54-6 provides the procedure for parties

28   bringing motions for attorney's fees.  Rule 54-6(a) states, in pertinent part, "Unless otherwise

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408.998.4150

(NO. CV 08 2907 MHP)                                  2.          DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008                                  UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    ordered by the Court...motions for awards of attorney's fees by the Court must be served and filed

2    within 14 days of the entry of judgment by the District Court." Federal Rule of Civil Procedure,

3    Rule 54 defines a "judgment" as including "a decree and any order from which an appeal lies." Fed.

4    R. Civ. P. 54(a). An order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure

5    12(b)(6) is appealable and therefore constitutes a "judgment" for the purposes of Federal Rule of

6    Civil Procedure, Rule 54. See *McGuckin v. Smith*, 974 F.2nd 1050, 1052-53 (9th Cir. 1992)

7    (overruled in on other grounds in *WMX Technologies, Inc. v. Miller*, 104 F.3rd 1133 (9th Cit. 1997).

8         This Court granted Defendants' motions to dismiss Plaintiff's Complaint on August

9    22, 2008. (See Declaration of Benjamin A. Emmert in Support of Defendants' Motion for Sanctions

10   Under FRCP Rule 11 and 28 U.S.C. 1927 (hereinafter referred to as "Emmert Decl."), Exh. I). The

11   Court did not grant Plaintiff leave to amend his Complaint or further amend his First Amended

12   Complaint and therefore this Order is appealable. *Id*. Defendants filed this motion by September 5,

13   2008. Thus, this motion was filed within the time limits specified Local Rule 54-6(a).

14       **C.    DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL
             REQUIREMENTS FOR BRINGING THIS MOTION FOR ATTORNEY'S**

15       **FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE, RULE 11**

16         Federal Rule of Civil Procedure, Rule 11 states, in pertinent part, "The motion must

17   be served under Rule 5, but it must not be filed or presented to the court if the challenged paper,

18   claim... [or] contention ... is withdrawn or appropriately corrected within 21 days after service."

19   Fed. R. Civ. P. 11(b)(2). Defendants served the instant motion for sanctions/attorney's fees on

20   Plaintiff's counsel on July 28, 2008. (See Emert Decl., Exh. G). Plaintiff's counsel did not withdraw

21   or otherwise dismiss this improper action. In fact, rather than acknowledge the deficiencies with his

22   claims and withdraw the Complaint, Plaintiff's counsel chose to compound his error, filed an First

23   Amended Complaint and continued to pursue this matter until the Court granted Defendant's motion

24   to dismiss on August 22, 2008. (See Emmert Decl., Exh. E). Defendants did not file the instant

25   motion until September 5, 2008, more than 21 days after service. Thus, Defendants have complied

26   with the procedural requirements for filing a motion for sanctions/attorney's fees under Federal Rule

27   of Civil Procedure, Rule 11.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA. 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)                           3.        DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008                          UNDER FRCP RULE 11 & 28 U.S.C. 1927

**D.    DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR BRINGING A MOTION FOR ATTORNEY'S FEES UNDER LOCAL RULE 54-6(B)**

Northern District of California, Local Rule 54-6(b) states:

Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:

(1)    A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting for the reasons the conference was not held.

As shown in the accompanying declaration of Benjamin A. Emmert, on August 26, 2008, counsel for Defendants sent Plaintiff's counsel a letter stating that Defendants would be moving to recover their attorney's fees and costs incurred in this action and inviting Plaintiff's counsel to discuss resolving this issue informally.  (See Emmert Decl., Exh. M).   Plaintiff counsel responded by stating "there is no basis for negotiations on your so-called fees." (See Emmert Decl., Exh. N).  Thus, Defendants have made a good faith attempt to resolve this issue informally, but have been rebuffed by Plaintiff's counsel.

**II.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff's putative class action for alleged violations of the FLSA against Defendants in this action was inappropriate, legally unsupportable, and/or without factual foundation when filed. As fully described below, in Defendant's Motion to Dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), and this Court's Order granting Defendants' motion, Plaintiff's FLSA claims raised in this action were without factual support and were clearly time-barred by when the action was filed and this fact was known to both Plaintiff and his counsel.  Specifically, Plaintiff's Complaint and First Amended Complaint contained two causes of action for alleged violations of the federal FLSA. Plaintiff sought to recover overtime that was allegedly earned but unpaid.  (See Emmert Decl., Exhs. D and E).  However, prior to these complaints being filed, Plaintiff admitted that he last worked any overtime for AC Square, Inc. on April 23, 2005. (See Emmert Decl., Exh. K pp. 78:10-12, 21-24; 79:13-22; 80:7-8, 25; 81:1-6; 95:14-21; 97:20-21; Exh. L).    He also admitted the last day he specifically recalled working for AC Square, Inc. was about May 3, 2005.  (See Emmert Decl., Exh.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

4.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

J, pp. 24:24-25; 25:1-2; 175:11-25; 176:5-8, 20-25; 177:1-4; Exh. K pp. 18:12-25; 19:1-22). However, even if he did work sometime past May 3, 2005, he absolutely did not work for AC Square, Inc. after the end of May 2005. Thus, as this action was not filed until June 11, 2008, Plaintiff's FLSA claims were clearly barred by the two or three year statute of limitations. Moreover, because this action was brought as a class action and Plaintiff did not file the requisite written consent with this Court until August 12, 2008, claims were even more untimely. (See Emmert Decl., Exh. H).

Additionally, this action was the fourth of four actions Plaintiff filed against AC Square, Inc. for the same alleged wrongs. (See Emmert Decl., Exhs., A, B, C & D). Plaintiff filed an original Complaint in San Mateo County Superior Court on July 7, 2006, case number CIV 456118, a second Complaint in the San Mateo County Superior Court on June 29, 2007, case number CIV 464144, a third Complaint in the same court on June 10, 2008, case number CIV 473571 (removed case number CV-08-3035-MHP), and this fourth Complaint, case number CV-08-2907-MHP, on June 11, 2008. On August 4, 2008, Plaintiff filed an amended complaint in this action purporting to plead different facts and legal theories. (See Emmert Decl., Exh. E). The amended complaint alleges essentially the same facts save for the improper and bad faith addition of Defendants' attorneys as additional co-conspirators, "factual" allegations regarding how Defendants benefited from alleged non-payment of overtime and other "facts" showing how Defendants committed overt acts occurring within the statutory period of three years. However, Plaintiff's second Complaint is still on-going and therefore his filing of the third, fourth and the amended Complaint which are barred by the statute of limitations can only have been done for an improper purpose to cause unnecessary delay, needlessly increase litigation costs by attempting to moot Defendants' 12(b)(6) Motion to Dismiss this action. Further, this Amended Complaint was filed for the improper purpose of harassing Defense attorneys by threatening Defendants' attorneys with legal action.

On July 28, 2008, Defendants notified Plaintiff's counsel that his FLSA claims were time-barred and requested he voluntarily dismiss the action. (See Emmert Decl., Exh. G). Defendants also specifically notified Plaintiff's counsel that they would move to recover their

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

5.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

attorney's fees and costs in the event Plaintiff failed to dismiss the Complaint. However, rather than heed Defendants' advice and warning, Plaintiff unjustifiably continued to pursue this Complaint, opposed Defendants' motions to dismiss and filed the further defective First Amended Complaint. With each step Plaintiff and his counsel chose to compound their error rather than acknowledge the deficiencies and rectify the situation. It was not until this Court granted Defendants' motion that they were able to have this Complaint dismissed and achieve that which the Plaintiff and his counsel should have done long before.

## III.   STATEMENT OF THE CASE

### A.   PROCEDURAL HISTORY

#### 1.   Plaintiff's First Complaint

Plaintiff filed his first Complaint against AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118 (hereinafter referred to as the "Original Complaint") (See Emmert Decl., Exh. A.). The Original Complaint contained five causes of action for: (1) nonpayment of wages in violation of California Labor Code section 201; (2) failure to pay overtime wages in violation of California Labor Code sections 510 and 1198; (3) violation of California Labor Code section 2802; (4) wrongful termination; and, (5) failure to provide personnel file/failure to provide itemized wage statements in violation of California Labor Code sections 226, 432 and 1198.5. *Id.* Plaintiff claimed that he worked for AC Square, Inc. from approximately January 30, 2005 to May 2, 2005. (Emmert Decl., Exh. A, ¶ 5). In fact, Plaintiff alleged that AC Square, Inc. terminated his employment on May 2, 2005. *Id.* As pertinent to this motion, the Original Complaint alleged AC Square, Inc. failed to pay Plaintiff compensation for all hours that he worked. *Id.* Plaintiff dismissed his first, second, third and fifth causes of action without prejudice on June 25, 2007 and his fourth cause of action for wrongful termination was dismissed following a grant of summary adjudication.[1]

---

[1] It should be noted that in the 2006 action, CIV 456118, Plaintiff dismissed his wage and hour claims just a few days before trial, but refused or failed to dismiss his wrongful termination action, despite a successful motion for summary adjudication on this issue filed by AC Square. (See Request for Defendant AC Square, Inc.'s Request for Judicial Notice Filed in Support of AC Square, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First and Second Causes of Action from Complaint, case number cv-08-2907-MHP). After requesting a hearing to challenge the tentative

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

6.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

### 2.    Plaintiff's Second Complaint

After dismissing the Original Complaint, Plaintiff filed a second Complaint against Defendant in the San Mateo County Superior Court on June 29, 2007, action number 464144 (hereinafter referred to as the "Second Complaint") (Emmert Decl., Exh. B).  Plaintiff's Second Complaint contains five causes of action for: (1) violation of California Business and Professions Code section 17200; (2) violation of California Labor Code section 2802; (3) failure to pay overtime wages pursuant to California Labor Code section 510 and 1194; (4) failure to furnish itemized wage statements pursuant to California Labor Code section 226; and, (5) failure to pay wages due. *Id.* This Complaint, like the Original Complaint, alleges Defendant failed to pay Plaintiff compensation for all hours worked.  The first through fourth causes of action are brought on behalf of Plaintiff and all other similarly situated individuals. *Id.*  The fifth cause of action was brought by Plaintiff on his own behalf.  *Id.*  Interestingly, unlike the Original Complaint, Plaintiff's Second Complaint omits any allegations as to when he worked for Defendant.

### 3.    Plaintiff's Third Complaint

On June 10, 2008 Plaintiff filed a new Complaint in the San Mateo County Superior Court, action number 473571, removed action number CV-08-3035-MHP (hereinafter referred to as the "Third Complaint") (Emmert Decl., Exh. C).  It, like the Second Complaint, is styled as a class action on behalf of Plaintiff and all other similarly situated individuals. *Id.*  The Third Complaint names as defendants AC Square, Inc. and adds as defendants, Comcast, Inc., and individual defendants, Afshin Ghaneh and Andrew Bahmanyar.  It contains five causes of action for: (1) conspiracy to violate California Business and Professions Code section 17200; (2) violation of the FLSA; (3) conspiracy to violate the FLSA; (4) failure to pay monies at termination of employment;

---

ruling in the Motion for Summary Adjudication, Plaintiff failed to appear at the hearing and the motion was granted.  (See Emmert Decl., ¶ 17). Plaintiff then failed to appear at trial, or at least inform the court that he was dismissing his wrongful termination claim.  *Id.* Plaintiff then failed to appear at three consecutive Order To Show Cause hearings regarding the disposition of his wrongful termination claim. *Id.* He then also filed an utterly meritless, and very untimely Motion For New Trial and then again failed to appear at the hearing to challenge the tentative ruling in Defendant's favor. *Id.*  In all, Plaintiff and his counsel have failed to appear six straight times at hearings in this action. *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

1    and, (5) conspiracy to violate California Labor Code section 558. *Id.*    This Complaint, like the

2    Original Complaint and the Second Complaint alleges the same wrongful conduct on the part of the

3    defendants, including AC Square, Inc.  The significant differences between Original and Second

4    Complaint is the Third Complaint alleges different causes of action and names the additional

5    defendants Comcast, Inc., Afshin Ghaneh, and Andrew Bahmanyar.    However, the underlying

6    allegations are identical, including his failure to allege the time period he worked for Defendant.

7         **4.    Plaintiff's Fourth Complaint**

8         The day after filing his Third Complaint, on June 11, 2008, Plaintiff filed another new

9    Complaint in the Northern District of California, action number CV-08-2907-MHP (hereinafter

10    referred to as the "Fourth Complaint"). The Fourth Complaint, like the Third Complaint names as

11    defendants AC Square, Inc., Comcast, Inc. Afshin Ghaneh, and Andrew Bahmanyar.  (Emmert

12    Decl., Exh. D). The Fourth Complaint contains two causes of action for: (1) violation of the FLSA;

13    and, (2) conspiracy to violate the FLSA. *Id.*  The Fourth Complaint is essentially the same as the

14    Third Complaint, but only alleges causes of action for alleged violations of the FLSA.  Also, like the

15    Second and the Third Complaint, the Fourth Complaint fails to allege the dates Plaintiff claims to

16    have worked for Defendant.

17         **5.    Plaintiff's First Amended Complaint (Fifth Complaint)**

18         On August 4, 2008, Plaintiff simultaneously filed an opposition to Defendant's

19    Motion to Dismiss his Fourth Complaint, action number CV-08-2907-MHP and his First Amended

20    Complaint, amending his Fourth Complaint. (See Emmert Decl., Exhs. E & F).  The First Amended

21    Complaint again names as Defendants, AC Square, Inc., Comcast, Inc. Afshin Ghaneh, and Andrew

22    Bahmanyar.  (Emmert Decl., Exh. E), and again contains two causes of action for: (1) violation of

23    the FLSA; and, (2) conspiracy to violate the FLSA. *Id.*  Again, Plaintiff's First Amended Complaint

24    alleges essentially the same facts, albeit in more detail, and improperly alleges Defendants' attorneys

25    as co-conspirators. While Plaintiff's opposition to the Motion to Dismiss the Fourth Complaint filed

26    with the court improperly threatens to add Defendants' attorneys at some time in the future,

27    Defendants' attorneys are not added as Defendants in the Amended Complaint. (See Emmert Decl.,

28    Exh. F). In Plaintiff's Opposition to Defendant's Motion to Dismiss the Fourth Complaint, Plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

8.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1  stated that his Amended Complaint alleges that Plaintiff's statute of limitations was equitably tolled

2  by Defendants' knowledge of Plaintiffs allegations.  However, the Amended Complaint did not

3  allege any discernible equitable tolling of statutes of limitations as to Plaintiff's claims.  Plaintiff's

4  Amended Complaint did not cure the defect of his failure to allege dates Plaintiff claims to have

5  worked for Defendant.

6  **B.    STATEMENT OF ALLEGATIONS/FACTS**

7  **1.    Statement of Allegations in Plaintiff's First Amended Complaint**

8  Plaintiff's First Amended Complaint alleged that he "worked as a technician" for AC

9  Square, Inc. and was "formerly employed by AC [Square, Inc.] as a cable television and computer

10  technician for the purpose of installing, upgrading, disconnecting and providing similar services to

11  consumers who use the services and equipment of Comcast [Inc.]." (Emmert Decl., Exh. E, p. 4:1-

12  6).  Plaintiff further alleged that he was "not paid for overtime"  and "AC [Square, Inc.] failed to

13  pay each class member wages during all hours that they worked."  (Emmert Decl., Exh. E, p. 4:14-

14  15).  His first cause of action for violation of the FLSA alleges defendants failed "to pay overtime"

15  and his second cause of action for conspiracy to violate the FLSA alleges defendants "combined

16  together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all

17  class members of their rights to overtime pay as provided by the FLSA." (Emmert Decl., Exh. E, p.

18  4:3, 21-24).

19  **2.    Statement of Facts**

20  The critical operative facts for this motion are the dates Plaintiff claims to have

21  worked for AC Square, Inc.  Obviously, if Plaintiff worked for AC Square, Inc. outside the statute of

22  limitations, his claims for overtime compensation under the FLSA would be barred and no artful

23  pleading could change this fact.  Plaintiff's deposition was taken in the original action on November

24  21, 2006 and in the second action on May 23, 2008.  (See Emmert Decl., Exhs. J and K).  While the

25  Second, Third and Fourth Complaints omit any allegations as to when Plaintiff worked for AC

26  Square, Inc., he specifically testified in his deposition he last worked for AC Square, Inc. outside the

27  period of the statute of limitations.

28  Plaintiff testified that he worked for AC Square, Inc. from about February 8, 2005 to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. CV 08 2907 MHP)                    9.
FIRMWIDE:86528041.1 047098.1008

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1   May 2005.  (See Emmert Decl., Exh., K, pp. 17:1-2; 24:24-25; 25:1-2; 175:11-25; 176:5-8, 20-25;

2   177:1-4.  Exh. L, pp. 18:12-25; 19:1-22; 20:19-25).   While Plaintiff attempted to testify that he

3   might have worked for AC Square, Inc. after May 3, 2005, he could not recall any date past May 3,

4   2005 he actually did any work.  More importantly he specifically admitted he did not work for AC

5   Square, Inc. past the end of May 2005.  Specifically, Plaintiff testified:

> Q.   And just before we move on to the next document, the next, the last page of Exhibit 19 indicates work on Sunday, Monday and Tuesday, May 1st, 2nd and 3rd.  Does that comport with your understanding of when the last day you worked at AC Square was?
>
> A.   No. I believe I worked more days in May.  I believe I worked later in May.
>
> Q.   And when you say later in May, what days in later May?
>
> A.   In the last two weeks of May.
>
> .....
>
> Q.   You've indicated that you believe you worked after May 3rd.
>
> A.   There was a day I worked with Max.
>
> ....
>
> Q.   So do you recall more than one day working with Max after May 3rd, or do you just remember one?
>
> A.   I remember one day.
>
> Q.   Just the one day.  And you think it was sometime after the 3rd.  Can you give me any estimate of how long after, week after, two weeks after?
>
> A.   No, I don't know.
>
> Q.   So it could have been the fourth?
>
> A.   Could have been the fourth, could have been the 20th, could have been the 25th.
>
> (Emmert Decl., Exh. J, pp. 24:24-25; 25:1-2; 175:11-25; 176:5-8, 20-25; 177:1-4).
>
> Q.   When was the last time you worked?
>
> A.   At AC Square.
>
> Q.   So May – last time you actually did any work –
>
> A.   The end of May.
>
> ....
>
> Q.   So your recollection and your testimony is that you worked, actually worked at AC Square doing cable installation and things at the end of May.  Is that right?
>
> A.   Yes.
>
> Q.   Are you sure about that?
>
> A.   My – my answer to your question is that I worked, physically worked after May 3rd.
>
> Q.   Okay.
>
> A.   In the month of May.
>
> (Emmert Decl., Exh. K pp. 18:12-25; 19:1-22).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

1    AC Square, Inc.'s employees, such as Plaintiff, are paid every two weeks in the first

2    and third week of the month. (Emmert Decl., Exh. K, p. 24:12-22). In fact, Plaintiff testified he

3    received his paycheck every other Saturday. (Emmert Decl., Exh. K, p. 24:12-22). Plaintiff also

4    testified that he believed each paycheck he received from AC Square, Inc. did not accurately account

5    for all the hours he had worked. (Emmert Decl., Exh. J, pp. 91:20-25; 92:1-25; 93:1-25; 94:1). In

6    fact, Plaintiff testified he complained to AC Square, Inc. about his perceived deficiencies in his

7    paychecks each time he received one. (Emmert Decl., Exh. J, pp. 91:20-25; 92:1-25; 93:1-25; 94:1).

8          In addition to admitting that he did not work for Defendant after the end of May

9    2005, Plaintiff also expressly admitted that he did not work any alleged overtime after April 23,

10   2005. During his first deposition taken in the Original Action, Plaintiff testified he prepared a

11   document estimating the number of overtime hours he claims to have worked. (Emmert Decl., Exh.

12   J, pp. 197:18-25; 198:1-4; 199:19-25; 200:1-14). Plaintiff authenticated this document during his

13   second deposition and testified that it accurately represented the days he claimed to have worked

14   overtime for AC Square, Inc. (Emmert Decl., Exh. K, pp. 78:10-12, 21-24; 79:13-22; 80:7-8, 25;

15   81:1-6; 95:14-21; 97:20-21; Exh. L). Plaintiff testified to this document in his second deposition as

16   follows:

> Q.   Do you recall preparing an estimate of your overtime in your previous action?
>
> A.   Yes.
>
> ....
>
> Q.   Defendants' Number 1 is a one-page document, contains a chart with three columns, and I'll represent to you that was produced by your former counsel at your previous deposition.
>
> ....
>
> Q.   So my first question about this document is: Do you recognize it?
>
> A.   Yeah.
>
> Q.   You've seen this document before?
>
> A.   Uh-huh.
>
> Q.   Is that a yes?
>
> A.   Yes.
>
> Q.   And what is this document, if you know?
>
> A.   Um, it's my start – it's the days I worked, the time of my last job and how much overtime.
>
> ....
>
> Q.   [D]id you prepare this document?
>
> A.   Correct.
>
> ....

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

11.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1

Q.    Okay.  So do you believe this is accurate?
A.    Um –
Q.    You prepared – this document you prepared?
A.    Yeah.
Q.    So it's an accurate reflection of the hours you worked and the overtime you worked on those days?
A.    To the best of my knowledge at the time.

(Emmert Decl., Exh. K pp. 78:10-12, 21-24; 79:13-22; 80:7-8, 25; 81:1-6).

Plaintiff's counsel, Mr. Daniel Berko, personally attended Plaintiff's deposition taken in the Second Action during which Plaintiff testified to both his tenure at AC Square, Inc. and his claimed overtime.  (Emmert Decl., Exh. K, p. 2:10-12).    Thus, Mr. Berko would be expected to know when Plaintiff worked for AC Square, Inc.

## IV.    LEGAL ANALYSIS

### A.    APPLICABLE LEGAL STANDARDS FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Federal Rules of Civil Procedure, Rule 11, has been designed "to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings." 17 Schwarzer, et. al.; *Practice Guide: Federal Civil Procedure Before Trial, National Edition*; § 17:61 (TRG 2007), citing  *Cooter & Gell v. Hartman Corp.*, 496 U.S. 384, 393 (1990).   To accomplish this objective, Rule 11 requires that each filed pleading be signed by an attorney or unrepresented party.[2] U.S.C.S. Fed Rules Civ. Proc. R. 11(a).  Every signature on a pleading is a certification of the merits of the filed document.  U.S.C.S. Fed Rules Civ. Proc. R. 11(b),(c).  Rule 11 imposes sanctions upon parties or their representatives who file a pleading for "*any* improper purpose." U.S.C.S. Fed Rules Civ. Proc. R. 11(b)(1). (Emphasis added.) An improper purpose includes harassing a party, causing unnecessary delay, or needlessly increasing the cost of litigation. U.S.C.S. Fed Rules Civ. Proc. R. 11(b)(1).   Such purpose also includes engaging in "procedural maneuvering" in an endeavor to obtain a "tactical advantage." *Meyer v. California Int'l. Chem. Co.*, 1998 U.S. App. LEXIS 31606 (9th Cir. 1998).

---

[2] In this regard, Rule 11 makes it incumbent upon a court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." U.S.C.S. Fed. Rules Civ. Proc. R. 11(a).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

DEFENDANT'S MOTION FOR SANCTIONS UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    Rule 11 makes it incumbent upon counsel to, prior to filing a pleading with the court,

2    conduct an "inquiry reasonable under the circumstances" so as to ensure the filed pleading is not

3    frivolous and contains factual contentions that have evidentiary support, and allegations warranted

4    by the law.   U.S.C.S. Fed Rules Civ. Proc. R. 11(b)(2),(3). See, also, *Estate of Gianna Blue v.*

5    *County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). The Ninth Circuit has defined frivolous

6    filings as "those that are both baseless and made without a reasonable and competent inquiry."

7    *Estate of Gianna Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997), quoting *Buster v.*

8    *Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).   For instance, while by happenstance, a factual

9    allegation in a pleading that is based on hearsay might ultimately prove to be accurate, absent actual

10   investigation, such arbitrary reliance on hearsay would not insulate a plaintiff or its counsel from

11   sanctions. *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (3d Cir. Pa. 1994). ["'A shot in the dark is a

12   sanctionable event, even if it somehow hits the mark.'"].

13       In addition, where a reasonable investigation would have revealed a claim lacks merit

14   in light of existing law, a court may impose sanctions as a penalty for bringing and continuing such a

15   claim. *Id.* The filing of a claim time-barred by the applicable statute of limitations is considered

16   ***wholly*** improper for the purpose of Rule 11. *Estate of Gianna Blue, supra.* (Court affirmed the

17   award of sanctions against plaintiff because reasonable investigation would have revealed claim

18   time-barred by statute of limitations.) See, also, *Mir v. Little Company of Mary Hospital,* (9th Cir.

19   1988) 844 F.2d 646, 653.

20       Rule 11 authorizes the imposition of monetary or non-monetary sanctions. U.S.C.S.

21   Fed Rules Civ. Proc. R. 11(c)(4). The standard for determining whether sanctions are to be issued

22   under Rule 11 is objective.   *Salivary v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986),

23   overruled on other grounds by *Cooter, supra*, 496 U.S. 384 (1990).   Sanctionable conduct under

24   Rule 11 does not require a showing of bad faith. *Ibid.*; see, also, *Plante v. Fleet National Bank*, 978

25   F. Supp. 59, 69 (D.R.I. 1997); and *Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994). A party or its

26   counsel's good faith belief that the party's claims are non-frivolous or were not filed for an improper

27   purpose is not a defense where objectively, the pleaded claims are legally barred or the purpose of

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

(NO. CV 08 2907 MHP)                    13.        DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008                    UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    the filing is improper.  See *ibid.*  See, also*In re Keegan Management Co., Securities Litigation*, 78

2    F.3d 431, 434 (9th Cir. 1996).

3           Finally, where an improper purpose is advocated or a meritless claim is filed by an

4    experienced lawyer, there arises a compelling inference that the action was filed with counsel's

5    knowledge of the claim's inappropriateness or lack of merit. See, e.g., *Huettig & Schromm, Inc. v.*

6    *Landscape Contractors Council of Northern Calif.*, 790 F.2d 1421, 1427 (9th Cir. 1986).

7        **B.    PLAINTIFF AND HIS ATTORNEY HAVE ENGAGED IN SANCTIONABLE
             CONDUCT UNDER FRCP RULE 11**
8

9           In this case, Plaintiff and his counsel have engaged in sanctionable conduct by

10   disregarding the plain fact that this action is barred by the statute of limitations.  This fact is

11   specifically admitted by Plaintiff himself.  However, despite such knowledge, Plaintiff and his

12   counsel chose to file and continued to prosecute the unsupported Fourth Complaint.  The only

13   reasonable conclusion that can be drawn from this fact is that the Fourth Complaint was filed for

14   sole purpose of harassing and prejudicing AC Square, Inc.  Therefore, Plaintiff and his counsel

     should be sanctioned for their wholly improper Fourth Complaint.
15

16       **1.    The Imposition Of Sanctions Is Appropriate, Because A Reasonable
                 Investigation Would Have Revealed That The Claims Pleaded In
                 Plaintiff's Fourth Complaint Are Time-Barred**
17

18       **a.    Plaintiff's First Cause of Action For The Violation Of The Fair
                 Labor Standard Act ("FLSA") Is Barred By The Applicable
                 Statutes Of Limitations**
19

20          Plaintiff, through his Fourth Complaint, seeks to recover unpaid overtime

21   compensation allegedly due and owing from the defendants pursuant to the provisions of the FLSA.

22   (Emmert Decl., Exhs. D & E). In general, the statute of limitations for an alleged violation of the

23   FLSA is two years.  See 29 U.S.C. § 255(a).  However, where an employer's violation is willful, the

24   limitations period is extended to three years.  *Id.*  The running of the statute under the FLSA

25   commences "at the time the employer breaches his duties under the Act . . . ."  *Huss v. City of*

26   *Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000), citing *Unexcelled Chem. Corp. v.*

27   *United States*, 73 S.Ct. 580, 584 (1953).  The statute of limitations for an overtime compensation

28   claim accrues at each regular payday immediately following the work period during which the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008              14.              DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    services for which overtime compensation is claimed. *Mitchell v. Lancaster Milk Co.*, 185 F. Supp

2    66, 70 (D.C. PA 1960). ("It is well settled that '[a] separate cause of action for overtime

3    compensation accrues at each regular payday immediately following the work period during which

4    the services were rendered and for which overtime compensation is claimed.'").

5           In this case, Plaintiff and his counsel knew or should have known that any FLSA

6    claim Plaintiff may have had against Defendant expired prior to the filing time of the Fourth

7    Complaint. This is so, because Plaintiff has admitted he last worked for AC Square, Inc. more than

8    three years prior to filing the Fourth Complaint. Specifically, Plaintiff admitted in his Original

9    Complaint that he worked for Defendant from approximately January 30, 2005 to May 2, 2005.

10   (Emmert Decl., Exh. A, ¶ 5); See *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th

11   Cir. 1988). ("[U]nder federal law, stipulations and admissions in the pleadings are generally binding

12   on the parties and the Court."). Moreover, in both his first and second deposition, Plaintiff expressly

13   testified that he absolutely did not work for AC Square, Inc. past the end of May 2005. (Emmert

14   Decl., Exh. J, pp. 24:24-25; 25:1-2; 175:11-25; 176:5-8, 20-25; 177:1-4 and Exh. K pp. 18:12-25;

15   19:1-22). He also specifically testified that he was "fired" in May 2005. (Emmert Decl., Exh. K, p.

16   18:21-23).

17          Although AC Square, Inc. has no record of Plaintiff working for it past May 3, 2008,

18   if Plaintiff is to be believed, he testified at most that he only worked for AC Square, Inc. for one day

19   after May 3, 2005. More importantly, Plaintiff admitted in a document he personally prepared and

20   stated was accurate, that he did not work any overtime for AC Square, Inc. after April 23, 2005.

21   (Emmert Decl., Exh. K pp. 78:10-12, 21-24; 79:13-22; 80:7-8, 25; 81:1-6. Exh. L). Thus, any claim

22   for overtime compensation accrued on AC Square, Inc.'s next regular payday following April 23,

23   2005.

24          Given that AC Square, Inc. paid its employees, including Plaintiff, on the first and

25   third Saturday of each month for the employees' work in preceding two weeks and Plaintiff last

26   worked overtime on April 23, 2005, any potential FLSA cause of action expired by May 7, 2008, the

27   regular payday immediately following the work period during which the services were rendered and

28   for which overtime compensation is claimed. *Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)                    15.    DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008               UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    (D.C. PA 1960).  Because Plaintiff did not file this action until June 11, 2008, his cause of action for

2    an alleged violation of the FLSA is barred by the statute of limitations.

3            Moreover, even if Plaintiff attempts to recant his sworn testimony and now claim that

4    he worked overtime sometime May, 2005, any claim for overtime compensation would have to had

5    been brought within three years of his last date of employment.  The latest date this could be

6    according to Plaintiff's testimony is June 1, 2008, assuming he worked the last day in May, 2005.

7    *See* Cal. Labor Code § 201 (stating, in pertinent part, "If an employer discharges an employee, the

8    wages earned and unpaid at the time of the discharge are due and payable immediately."); *Huss v.*

9    *City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (stating the running of the

10   statute under the FLSA commences "at the time the employer breaches his duties under the Act . . .).

11   Thus, even if Plaintiff now claims he was fired on the last day of May, 2005, his FLSA cause of

12   action is clearly barred by the statute of limitations because this Third Complaint was not filed until

13   June 11, 2008, after the statute of limitations had expired.

14           In addition, Plaintiff and Plaintiff's counsel cannot plead ignorance of this fact as

15   each admission was made by Plaintiff himself.  Thus, this is not a situation where facts showing an

16   action is barred by the statute of limitations are only discovered after a complaint is filed.  In this

17   action, Plaintiff and his counsel knew when Plaintiff last worked for Defendant, when Plaintiff was

18   terminated from Defendant's employment and therefore must have known when the statute of

19   limitations on a FLSA cause of action would run.  Therefore, this Court should impose sanctions on

20   Plaintiff and Plaintiff's counsel for filing the Fourth Complaint knowing full well that it is barred by

21   the applicable statute of limitations.

22           **b.    Plaintiff's Second Cause Of Action For Conspiracy To Violate The**
             **FLSA Is Barred By The Applicable Statutes Of Limitations**

23

24           In light of the matters discussed above, Plaintiff and his counsel knew or should have

25   known that Plaintiff's second cause of action for conspiracy to violate the Fair Labor Standards Act

26   is also time-barred.  See  *Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988). ("In an action

27   based on civil conspiracy, the applicable statute of limitations is determined by the nature of the

28   action in which the conspiracy is alleged.").  Therefore, this Court should impose sanctions on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. CV 08 2907 MHP)                        16.        DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008                        UNDER FRCP RULE 11 & 28 U.S.C. 1927

1  Plaintiff and Plaintiff's counsel for filing and pursuing this claim knowing it was barred as a matter

2  of law.

3          Conspiracy is not an independent cause of action "but a legal doctrine that imposes

4  liability on persons who, although not actually committing a tort themselves, share with the

5  immediate tortfeasor a common plan or design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7

6  Cal. 4th 503-511 (1994). As such, it has the same statute of limitations as the claim on which it is

7  based. *Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988). To state a claim for conspiracy, "the

8  complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts

9  done pursuant thereto; and (3) the damage resulting from such act or acts." *General American Life*

10 *Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991). "To establish the 'wrongful act'

11 element of a civil conspiracy, defendant must satisfy all of the elements of a cause of action for some

12 other tort or wrong." *Id.* "[A] simple failure to comply with statutory overtime requirements...does

13 not qualify" to support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).

14 Moreover, a conspiracy necessarily involves two or more people or entities. *Black v. Bank of*

15 *America*, 30 Cal. App. 4th 1, 6 (1995). "Agents and employees of a corporation cannot conspire with

16 their corporate principal or employer where they act in their official capacities on behalf of the

17 corporation and not as individuals for their individual advantage." *Reynolds v. Bement*, 36 Cal. 4th

18 1075, 1090 (2005).

19 **C.    PLAINTIFF AND HIS ATTORNEY HAVE ENGAGED IN SANCTIONABLE**
   **CONDUCT UNDER 28 U.S.C. § 1927**

20

21         28 U.S.C. Section 1927 states:

22         Any attorney or other person admitted to conduct cases in any court of the United
           States or any Territory thereof who so multiplies the proceedings in any case
           unreasonably and vexatiously may be required by the court to satisfy personally the

23         excess costs, expenses, and attorneys' fees reasonably incurred because of such
           conduct.

24

25         28 U.S.C. § 1927

26         In *Van Berkel v. Fox Farm and Road Machinery*, 581 F. Supp 1248 (D.C. Minn.

27 1984), the Court ordered the plaintiff's counsel to reimburse defendant's costs and attorney's fees in

28 a situation analgaous to this action. The plaintiff in *Van Berkel* was injured by a piece of machinery

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

(NO. CV 08 2907 MHP)                    17.    DEFENDANT'S MOTION FOR SANCTIONS
FIRMWIDE:86528041.1 047098.1008               UNDER FRCP RULE 11 & 28 U.S.C. 1927

1    on September 6, 1976. *Id*. at 1249.   Plaintiff's counsel filed an action for negligence, product

2    liability, and breach of express and implied warranties against the manufacturer on September 2,

3    1983.  *Id*. The complaint incorrectly alleged the accident occurred on September 6, 1977.  *Id*.  After

4    conducting discovery, defense counsel discovered the accident actually occurred on September 6,

5    1976 and requested the plaintiff's counsel dismiss the action as it was clearly barred by the statute of

6    limitations.  *Id*.  When the plaintiff's counsel refused, defendant successfully moved for summary

7    judgment on the statute of limitations issue.  *Id*.  The defendant then moved to recover its attorney's

8    fees and costs incurred in defending this action that was clearly barred by the statute of limitations

9    under Federal Rule of Civil Procedure, Rule 11 and 28 U.S.C. section 1927.  *Van Berkel*, 581 F.

10   Supp. at 1250.

11        The Court granted the defendant's motion and ordered plaintiff's counsel to pay

12   defendant's attorney's fees and cost. *Id*. at 1251. The Court noted that Rule 11 "provides that the

13   signature of an attorney to a pleading is a certification that [the attorney] has made a reasonable

14   inquiry upon which to base a belief that the allegations of it are well grounded in fact and law." *Id*.

15   at 1250.  The Court also noted that 28 U.S.C. Section 1927 "authorizes imposition of costs and

16   attorneys fees upon an attorney who multiplies proceedings unreasonably and vexatiously." *Id*.  It

17   held that plaintiff's filing of the complaint that was barred by the statute of limitations and his

18   continued prosecution of the action when confronted with facts that showed the lawsuit was time

19   barred warranted imposing sanctions. *Id*. at 1250-51.

20        Plaintiff's counsel in this action improperly filed this action when he knew, or in the

21   exercise of reasonable diligence should have known that the FLSA causes of action were time-

22   barred.  Moreover, he compounded his error when he refused to dismiss the Complaint despite being

23   presented with incontrovertible evidence establishing this fact.  The statute of limitations for an

24   FLSA cause of action is two or three years. The statute of limitations for FLSA actions accrue on the

25   date the employee's wages are not paid. *Biggs v. Wilson*, 1 F.3rd 1537, 1540 (9th Cir. 1993).  In this

26   case Plaintiff admitted in his original Complaint that he last worked for AC Square, Inc. on May 2,

27   2005.  Moreover, as Plaintiff's FLSA causes of action are for alleged unpaid overtime, this

28   Complaint is even more time-barred as he admitted that he last worked any overtime for AC Square,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

18.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

Inc. on April 23, 2005. Finally, Plaintiff did not file his written consent until August 12, 2008. Therefore Plaintiff filed this action approximately four months after the statute of limitations had run. Thus, as in *Van Berkel*, Plaintiff's counsel should be sanctioned for improperly filing and prosecuting this action, for refusing to dismiss the Complaint despite evidence that it was time-barred, and despite repeated requests by counsel for Defendants.

### D. SANCTIONS ARE WARRANTED FOR COUNSEL'S MISCONDUCT

Rule 11(c)(2) and 28 U.S.C. Section 1927 authorize a Court to impose as sanctions reasonable attorneys' fees and expenses incurred as a direct result of improper conduct by counsel. Federal courts commonly award monetary sanctions to moving parties when the sanctioned party pursues a frivolous lawsuit or where its complaint is factually misleading. See, e.g., *Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002), remanded to 209 F.R.D. 169 (C.D. CA 2002). (Plaintiff and his attorney misrepresented material facts); *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997). (Plaintiff filed a diversity suit without alleging facts of diversity); *Johnson v. A.W. Chesterton*, 18 F.3d 1362 (7th Cir. 1993). (Attorney filed claim that was not well grounded in law and fact); *Plante v. Fleet National Bank*, 978 F. Supp. 59, 69 (D.R.I. 1997). (Attorney failed to investigate viability of claims prior to filing lawsuit); *Van Berkel v. Fox Farm and Road Machinery*, 581 F. Supp 1248 (D.C. Minn. 1984).

Plaintiff's actions warrant the imposition of similar sanctions in this case. As a result of Plaintiff and his counsel's conduct, Defendant has incurred unnecessary attorneys' fees and costs defending frivolous claims filed for improper purposes. See Fed. R. Civ. Pro. 11(c)(2); 28 U.S.C. § 1927; see, also, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990). Therefore, Defendant seeks the reimbursement of the fees and costs incurred in litigating this case. The total fees incurred to date by Defendant in the defense of this Complaint is $36,708.00. (Emmert Decl., ¶¶ 17-20.)

### V. CONCLUSION

For the foregoing reasons, Defendant AC Square, Inc. respectfully requests that the Court grant its motion for sanctions and award it all attorneys' fees and costs expended in litigating Plaintiff's Fourth Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

19.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927

1  | Dated: September 5, 2008

2

3

RONALD A. PETERS
4  BENJAMIN A. EMMERT
LITTLER MENDELSON
5  A Professional Corporation
Attorneys for Defendant
6  AC SQUARE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. CV 08 2907 MHP)
FIRMWIDE:86528041.1 047098.1008

20.

DEFENDANT'S MOTION FOR SANCTIONS
UNDER FRCP RULE 11 & 28 U.S.C. 1927