UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL KEATING-TRAYNOR,

        Plaintiff(s),

  vs.

AC SQUARE INC., et al.,

        Defendant(s).

No. C 08-02907 MHP
C 08-03035 MHP

**ORDER RE SANCTIONS**

      Plaintiff filed this action on June 11, 2008, asserting federal question jurisdiction by reason of claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.,. Another action, C-08- 02907 MHP, filed in the Superior Court of San Mateo County, was removed to this court on June 20, 2008, based upon the same FLSA claims. Indeed, the removed action was between the same parties and involved the same events, but also included state law claims. Ultimately the court dismissed all of the claims in this action as barred by the statue of limitations and remanded remaining claims in the removed action to the state court. This court's dismissal was affirmed on appeal by the Ninth Circuit on August 19, 2009. See Case No. 08-17069, Unpublished Memorandum filed Aug. 19, 2009.

      Defendants have moved for sanctions in the form of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. section 1927, based upon plaintiff's pursuit of claims that were clearly time-barred and for the multiplication of litigation. On the latter issue,

1

defendants point to the four lawsuits that were filed on the very same claims, three in the Superior Court of San Mateo County and one in this court.[1] The first three were filed in state court: one on July 7, 2006, another on June 29, 2007, and the third on June 10, 2008. The federal action was filed on June 11, 2008. Each of these named the same plaintiff and asserted the same claims, albeit in some cases asserting the claims under a different statute. The court has reviewed the moving papers and the records in this and the companion action and the responsive papers filed by plaintiff.

In response to the motion attorney Berko, who filed the last three of the four complaints referred to above, argues that he withdrew his challenged pleading when the sanctions motion was presented to him and filed an amended complaint. However, that complaint still contained the time-barred claims. Berko also attempts to reargue the merits of his position which has already been ruled upon by this court and now has been affirmed by the Court of Appeals. He offers no rational explanation as to why he filed multiple complaints involving the same claims.

Plaintiff's counsel also contends that defendants failed to comply with the "safe harbor" requirements of Rule 11. As the evidence submitted by defendants makes clear, this is not true. The proposed motion was sent to plaintiff's counsel on July 28, 2008. Plaintiff did not withdraw the complaint or do anything to cure the deficiencies, if in fact he could; instead he filed an amended complaint that merely contained the same inadequcies. The rest of the history on this matter is borne out in the dismissal of this action and the affirmance of that dismissal.

Having reviewed the record in this action and in C-08-0297, the court finds that no reasonably competent and diligent attorney could have submitted and advocated the position taken in these actions with respect to the statute of limitations. A reasonably competent attorney who had done the requisite investigation and necessary research would have quickly ascertained that the claims were time-barred and he would not have continued to persist in the face of contrary evidence and well-established law.

The court also finds that counsel has unnecessarily, unreasonably and vexatiously multiplied the litigation by filing multiple lawsuits in two fora that have caused defendants to incur excessive costs, attorneys' fees and expenses and that these expenditures were reasonably incurred by reason

of such conduct.  Therefore, the court finds that attorneys' fees and costs shall be imposed upon plaintiff and his counsel under Rule 11 and upon his counsel under section 1927.

The court has reviewed the file and although defendants have submitted a declaration from one of defendants' counsel setting forth the hours expended by each counsel, no supporting documents have been filed such as contemporaneous time records breaking out the number of hours expended per case and the nature of the work performed, and ordinary billing rates have not been provided.  Billing rates "for this action" do not necessarily satisfy this requirement..

In order to recover their fees defendants shall submit detailed declarations and time records establishing their entitlement to the amounts sought.  They shall confine their requests and documentation to the hours expended on the cases in this court, namely C-08-02907 and C- 08-03035.  They shall also include declarations setting forth each attorney's experience and ordinary billing or hourly rate.

Plaintiff will be permitted to respond as to the reasonableness of the submissions only and not to the merits of the request, which has already been adjudicated.

Defendants shall submit their response to this order within thirty (30) days of the date of this order and plaintiff's response, if any, shall be due within thirty (30) days thereafter, at which time the matter will be deemed submitted.

IT IS SO ORDERED.

Date: September 30, 2009

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Yet another action has been filed by this same attorney against these same defendants on behalf of another plaintiff. The court does not consider that action in any way in deciding this motion for sanctions; nor does the court opine upon the merits of the claims in that action.