UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE,<br><br>Defendants. | No. C 08-02907 MHP<br>No. C 08-03035 MHP<br><br>**ORDER RE SANCTIONS** |

"At some point, litigation must come to an end. That point has now been reached." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.2d 1034, 1042 (9th Cir. 2011). Litigation in this court with respect to these and related actions began on June 11, 2008. Ultimately three actions were filed in this court, the above two by the above-named plaintiff and his attorney Daniel Berko. The third action, also filed by Mr. Berko, was brought by plaintiff Thomas Ramos. *See Ramos v. AC Square, et al.*, No. C 08-5177 MHP. In the meantime other related actions by this and other plaintiffs were filed in the California Superior Court for the County of San Mateo by Mr. Berko and other attorneys asserting substantially the same claims. The court will not go through the history of each of these and the other related cases. The history is amply set forth in other orders of this court in each of these actions. After dismissing the claims in C 08-02907, this court ordered sanctions and instructed defendants' counsel to file the appropriate briefing and declarations and set a date for

plaintiff to respond. Each of them submitted the requested filings.

The state court actions proceeded, including efforts at settlement of those cases and C 08-5177. Finally, a global settlement was achieved in the state court and an Order Granting Final Approval of Class Action Settlement was issued and filed in the state court action on October 22, 2010. A copy of the Order was filed in this court in action C 08-5177. *See* Doc. No. 135-1. In reviewing matters that still appeared to be pending in these actions, the court reviewed the dockets and found that the Order approving the class action settlement had been filed in the last of the three actions, but not in either of the earlier two. In view of the language of the Order approving settlement, this court issued an order of dismissal in each of these actions.

Defendants then moved for an order reconsidering the dismissal order. First of all, the motion was filed without first obtaining leave of court as is required by Civil Local Rule 7-9(a). The court could just deny the motion on the grounds that defendants failed to obtain leave. But, in an effort to resolve this matter for once and for all, the court clarifies that if leave were sought it would be denied and further that the grounds for dismissing the motion for sanctions was denied and continues to be denied because defendants and their attorneys to this action were also parties and attorneys to the Order Granting Final Approval of the settlement.

That Order provides that "[t]his award of attorney's fees and costs to Class Counsel and The Law Office of Daniel Berko shall constitute a *full, final and complete satisfaction of any and all attorneys' fees and litigation costs that have been incurred to date* by any party to any of the consolidated and/or related proceedings, including the actions entitled...." *Id.* at p. 4. The sentence goes on to enumerate three state court actions and action No. 08-5177 in this court. This language, however, is not limited to the four specified actions. The sentence specifically states that it is in "full, final and complete satisfaction" of attorneys' fees and costs that have been *"incurred to date"* by *"any party"* to any *"related proceedings."* On January 7, 2009, this court issued an order relating Case No. 08-1577 to the earlier filed cases of C 08-2907 and C 08-3035. At the time of the issuance of the Order approving settlement, October 22, 2010, the attorneys' fees and costs sought by the underlying motion filed in these latter actions on October 30, 2009, had been incurred.

2

Both counsel in the above-numbered actions, Daniel Berko and attorneys of the firm Littler Mendelson, agreed to the settlement reflected in the Order and signed off on the Order. By virtue of the clear and unambiguous language of the Order any fees and costs incurred by defendants in actions C 08-2907 and C 08-3035 were waived. This court does not know what consideration if any for the potential liability for these fees and costs was given. It is not the responsibility of this court to divine such intent from another court's order nor to permit the parties to go behind the order and essentially reopen the litigation represented by these resolved cases. If defendants wished to preserve their right to the fees and costs for sanctions, they could have done so. Certainly, they are capable of framing language that would carve these out of the agreement. They failed to do so. This court accepts the Order approving the settlement agreement which clearly on its face resolves all attorneys' fees and costs as to any party in all of the related proceedings which include the two above-numbered actions.

Coming full circle, this litigation has come to an end. The motion for reconsideration is DENIED for the reasons stated above and no further motions or proceedings in these cases shall be brought before this court. The Clerk of Court shall close the files.

IT IS SO ORDERED.

Dated: October 12, 2011

MARILYN HALL PATEL
United States District Court Judge